BOONE v. SKINNER.

Opinion delivered January 27, 1908.

CONTINUANCE—PAYMENT OF COSTS OF TERM.—Whether Kirby's Digest, §
    6175, providing that "no order of continuance shall take effect until
    the party upon whose application it was granted shall have paid or
    secured the payment of all costs of the action due for the term in
    which the continuance shall be granted" be directory or mandatory,
    it was within the discretion of the trial court to impose upon a
    party asking for a continuance the payment of the costs for the
    term of the court.

Appeal from Pulaski Circuit Court; *Edward W. Winfield*,
Judge; affirmed.

STATEMENT BY THE COURT.

The facts as found and the judgment as rendered by the
trial court are as follows:

"That, upon the calling of said cause for trial on the 25th
day of April, 1907, the plaintiff did not appear for a prosecution of his suit because of illness, and that he submitted to the
court a certificate from a physician stating that he was ill and
unable to attend said court; that the defendant resided in the
county of Randolph, and appeared for trial with his witnesses
brought from the town of Pocahontas, and was ready for trial.
That thereupon the court offered to the plaintiff to continue
the cause for the term upon the terms and conditions set forth
in its order made on said 25th day of April, and stated that
upon his refusal to accede to said terms it would dismiss said
cause for want of prosecution. Whereupon said cause was
continued for the term. And the court, being well and sufficiently advised in the premises, upon the consideration of the
motion now made to set aside said order continuing said cause

upon terms, doth overrule said motion and refuses to set the same aside; and thereupon requests the plaintiff's attorney to state within what time plaintiff could and would comply with said order of the court, either to pay the costs of said continuance or to secure the same to the defendant. Thereupon plaintiff by his attorneys declined to comply with the order of said court, either to pay said costs or to secure the payment thereof, and stated to the court that he did not desire any time to be granted for his compliance with its order. Whereupon the court doth order and adjudge that the complaint of the plaintiff be dismissed for want of prosecution, and that the defendant do have and recover of and from the plaintiff all of his costs expended in this action.

"To which ruling of the court in refusing to set aside said order, and in dismissing said suit for want of prosecution, the plaintiff excepts and prays an appeal to the Supreme Court, which is granted."

*Carmichael, Brooks & Powers,* for appellant.

1. The court erred in holding that the statute is mandatory. To say that the court is without discretion to examine into the case and say whether or not he would require the payment of costs by the applicant, or let the costs abide the final determination of the case, even though the applicant is found to be entitled to a continuance on account of sickness or other unavoidable misfortune, is to place such an unreasonable construction upon the statute as to render it void. If appellant was entitled to a continuance as a matter of right, he ought not to be penalized in order to obtain that right. If from unavoidable casualty or misfortune one is prevented from appearing and defending against an action, he is entitled to have a judgment vacated on this ground. Why may he not for such cause obtain a continuance without the imposition of costs? Kirby's Digest, § 4431, sub-div. 7; 59 Ark. 162; 9 Johns. (N. Y.), 364; 11 Johns. 442; 4 Enc. Pl. & Pr. 888, note 1.

2. Continuances are always within the discretion of the court, and costs are merely incidental thereto. Where the discretion is abused, this court will reverse. 61 Ark. 88; 71 Ark. 72; 60 Ark. 564; 70 Ark. 364; 67 Ark. 142; 69 Ark. 673; 11

Cyc. 24; 52 Ark. 106. The judicial and legislative are co-ordinate departments of the government, and the latter can not by its edicts control the discretion of the former. 49 Ark. 160; 13 Cal. 25; 1 Cranch (U. S.), 137; 1 Rose's Notes, 118.

*Rose, Hemingway, Cantrell & Loughborough,* for appellee.

1. The statute is mandatory and valid. It does not undertake to say that the court shall or shall not grant a continuance in a proper case, but that when the court has exercised its discretion in that matter the party obtaining the continuance shall pay or secure the costs of the term before it shall become effective. 11 Cyc. 25; 60 Ark. 194; 12 Ark. 60; 22 Ark. 176; 47 Ark. 443; 65 Ark. 219; 91 Cal. 588; 28 Fla. 98; 24 Ill. 623; 10 Mont. 456; 8 Neb. 167; 7 N. Y. Supp. 90; 20 *Id.* 904; 9 Wash. 225.

2. A court having discretionary power to grant a continuance has the power to impose terms as condition of granting it. 40 Ark. 116; 9 Cyc. 151 and authorities cited.

WOOD, J., (after stating the facts.) Counsel seek to have us construe section 6175, Kirby's Digest, which provides: "No order of continuance shall take effect until the party upon whose application it was granted shall have paid or secured the payment of all costs of the action due for the term in which the continuance shall be granted."

It is unnecessary in the opinion of the court to determine in this case whether the above statute is mandatory or directory; for in either event the judgment of the court is correct and must be affirmed. We only reverse for errors in the rulings of the trial court. If it be conceded that the statute is directory merely, as contended by appellant, still the court did not abuse its discretion in imposing terms for the continuance under the facts. It was within the province of the court to impose the terms mentioned under a directory statute. *Eltzroth* v. *Ryan,* 91 Cal. 588; *State* v. *Second District,* 10 Mont. 456; *Williams* v. *Dickinson,* 28 Fla. 98; *Lawson* v. *Hill,* 20 N. Y. Sup. 904. Continuances are within the sound discretion of the trial court, and such discretion will not be controlled unless it is abused. *Watts* v. *Cohn,* 40 Ark. 116; *Jones* v. *State,* 61 Ark. 88; *Puckett* v. *State,* 71 Ark. 62; *St. Louis, I. M. & S.*

*Ry. Co.* v. *Kilpatrick,* 67 Ark. 142; *Supreme Lodge Knights of Pythias* v. *Robbins,* 70 Ark. 364.

If the statute is mandatory (which we do not decide), of course the judgment was right.

Affirm.