### In re MASTER KEY ANTITRUST LITIGATION.

**M.D.L. No. 45.**

United States District Court, D. Connecticut.

Aug. 17, 1976.

Lee A. Freeman, Jr., Freeman, Rothe, Freeman & Salzman, Chicago, Ill., H. Laddie Montague, Jr., David Berger, P. A., Philadelphia, Pa., co-liaison counsel, for plaintiff.

John W. Barnett, Wiggin & Dana, New Haven, Conn., Walter A. Bates, Arter & Hadden, Cleveland, Ohio, co-liaison counsel, for defendant.

## RULING ON MOTION TO EXCLUDE DEFENDANT EATON CORPORATION'S DESIGNATION OF TRIAL TESTIMONY

BLUMENFELD, District Judge.

Defendant Eaton has noticed its intention to introduce a record of the prior testimony of A. H. Brownell, Roger A. Graham and William H. Neale at the trial on the issue of liability which is scheduled to commence on September 14, 1976.

Plaintiffs object to the submission of this prior testimony, and have moved *in limine* to exclude it on the ground that it is inadmissible hearsay.

The issue revolves around an interpretation of Rule 804(b)(1), Fed. R. of Evid., which allows prior testimony to be introduced if the declarant is unavailable and:

> ". . . if the party against whom the testimony is now offered, or, in a civil action or proceeding, a predecessor in interest, had an opportunity and similar motive to develop the testimony by direct, cross, or redirect examination."

The prior testimony in question here was given at the trial in *United States v. Eaton, Yale & Towne,* Civil No. 13,264 (D. Conn.), the federal antitrust action which preceded and spawned these private class actions. The question, then, is whether the United States Government can be deemed a "predecessor in interest" for the purpose of Rule 804(b)(1).

The legislative history of the rule as it now stands makes it clear that Congress intended this exception to the hearsay rule to be narrowly construed. The rule as originally proposed by the Supreme Court would have allowed prior testimony if the earlier party simply shared a "motive and interest similar to those of the party against whom [it is] now offered." The language adopted by Congress severely restricts the evidence which may be offered. The House Report noted:

> "The Committee considered that it is generally unfair to impose upon the party against whom the hearsay evidence is being offered responsibility for the manner in which the witness was previously handled by another party."

H.R. Rep. No. 93–650, 93d Cong., 2d Sess. (1973), 4 U.S. Code Cong. & Admin. News 7088–89 (1974).

However, while the term "predecessor in interest" is nowhere defined, Congress seems to have intended to relax the common law requirement of actual privity between the parties before prior testimony could be admitted. *See* McCormick, Evidence 619–20 (2d ed. 1972). This is reflected in the Senate Report, which states:

> "The House amended the rule to apply only to a party's predecessor in interest. Although the committee recognizes considerable merit to the rule submitted by the Supreme Court, a position which has been advocated by many scholars and judges, we have concluded that the difference between the two versions is not great and we accept the House amendment."

S. Rep. No. 93–1277, 93d Cong., 2d Sess. (1974), 4 U.S. Code Cong. & Admin.News 7074 (1974).

 In this case there are special considerations which weigh in favor of holding that the United States was a predecessor in interest of the present plaintiffs. The unique relationship between the Government's antitrust enforcement suits and the private actions which .follow has Congressional recognition and ratification, which has in turn provided special benefits to the private plaintiffs. It has, for example, tolled the applicable statute of limitations, and thus allowed them to extend the period for which they may recover. 15 U.S.C. § 16(b) (1970), *In re Master Key Antitrust Litigation,* 70 F.R.D. 29 (D. Conn. 1976). Furthermore, the judgment in the earlier decision will be admissible in evidence (although it too is hearsay) and serves to establish their *prima facie* case. 15 U.S.C. § 16(a). And see Plaintiffs' Request to Charge the Jury, Dkt. No. 616 (July 30, 1976). Under these circumstances it is clearly not unfair to allow the defendants to submit the prior testimony of witnesses

at that proceeding who are now unavailable.

 Unavailability, as that term is defined in Rule 804(a), is, however, a fundamental prerequisite. In its memorandum, Eaton has informed the court that Mr. Roger A. Graham has died since the earlier proceeding. This possibility was clearly foreseen in the statute. Rule 804(a)(4). As for Messrs. Brownell and Neale,[1] there has been no showing that either person is unavailable for the purposes of applying the rule; and until such a showing is made the plaintiffs' motion must be granted.

I hold that the prior testimony of Roger A. Graham will be admissible over hearsay objection at the coming trial. Rule 804(b)(1), Fed. R. of Evid.

SO ORDERED.

1. The case of Mr. Neale presents a different problem as well. Eaton has made two simultaneous motions, one to designate Mr. Neale as a trial witness, and this motion, which asserts that Mr. Neale is unavailable to testify, and seeks to submit his prior testimony. Since I rule on the first motion that Mr. Neale is precluded from testifying at trial because he was not designated as a witness as required by my Order of March 23, 1976, it will not be enough for Eaton to show that he would be unable to *testify*. Since he cannot testify anyway, Eaton must also show that he is unable to be deposed.