Paula Dier BALDWIN *v.*
William Y. BALDWIN, Jr.

CA 79-81                                     587 S.W. 2d 592

Opinion delivered September 12, 1979
[Petition for rehearing denied]
and released for publication October 17, 1979

*Whitt & Donovan,* for appellant.

*Ike Allen Laws, Jr.* and *William S. Swain,* for appellee.

MARIAN F. PENIX, Judge. This case was appealed to the Arkansas Supreme Court and by that court assigned to the Court of Appeals pursuant to Arkansas Supreme Court Rule 29(3).

The appellant, former wife of the appellee, brought action in the Yell County Chancery Court for a partition sale of 27 acres of land the parties owned in Yell County. A Florida divorce decree, dated May 16, 1974, as partial lump sum alimony awarded the wife use and possession of the property for life or until she should remarry. She was directed to make the mortgage payments, and the decree provided she would receive equity credit for all payments made by her and also equity credit for any increase in the value of the property during her use and possession.

The defendant appellee was served in Texas by notice from an attorney ad litem and and filed an answer in the case by his Texas attorney, Roland J. Bellard, in which it was stated the attorney was a part owner of the property. The answer was on behalf of both the appellee and Mr. Bellard, although Mr. Bellard had not been made a formal party. Subsequently an agreed partition decree for sale of the property was ordered and the finding made that appellant and the appellee's successor were the owners of the property, the land was not susceptible to division in kind without prejudice, and the property should be sold at public auction by a commissioner appointed in the decree.

At the sale the appellant purchased the property for $28,100 and the sale was confirmed by the court by order filed February 14, 1978. A separate order filed on the same date directed payment of attorney fee and costs out of the proceeds, allowed appellant reimbursement for mortgage payments, taxes, insurance premiums and part of her expenditures for bushhogging and clearing. However, there was error in the net figure stated in the order for disbursement for appellee's interest. No pleading attempted to set out the respective interests of the parties and the order of sale did not deliniate the interests.

Appellee petitioned the court to correct the order for distribution to increase the amount of his one-half of the net proceeds to $8,040.98 from the figure of $1,126.73 previously ordered. An amendment to that petition requested the name of Roland J. Bellard, attorney for appellee, be included along with the name of the appellee. As a commissioner's deed had already been issued to appellant the petition asked that both Bellard and appellee be deemed to have an equitable lien on the property for their distributable share.

In a response to the petition filed on April 7, 1978 the appellant conceded there was an additional balance distributable for the appellee's interest in the land, but alleged appellee was more than 12 weeks in arrears on the weekly child support payments the appellee had been ordered to pay to appellant for the support of the three children born of the marriage. The response alleged the deed from appellee to his

attorney, Bellard, dated September 19, 1977, purporting to convey an undivided one-half interest in the property was given after appellee was served with notice of this action, that the court should declare a constructive trust for the use and benefit of the children over the monies representing the net proceeds for appellee's interest in the property. The report of the attorney ad litem reflects the appellee received the notice of suit with copy of the complaint three days prior to the date of the deed to Bellard.

On July 11, 1978 the court entered judgment correcting the prior order of distribution by awarding Roland J. Bellard judgment for the net additional sum of $6,914.25 with interest at 6% from February 14, 1978, declaring a lien on the land and ordering sale of the land if the judgment should not be paid in thirty days. The judgment made no order as to the appellant's petition to have a constructive trust declared upon the net funds from the sale of appellee's interest in the property.

We find the final order of the court, dated July 11, 1978 accurately corrected the amount distributable for appellee's net interest in the sale proceeds except for any set-off to which appellant was entitled for any arrears in child support due appellant from the appellee.

This appeal, being from the chancery court, is heard de novo in this court.

The court should have treated the petition for a constructive trust as a petition to permit appellant to have a set-off for any delinquent child support payments to date of judgment against the $6,914.25 balance of net proceeds distributable to appellee and/or his successor in title.

Roland J. Bellard received the deed from the appellee for the latter's interest in the property after the commencement of this action and represented both the appellee and himself in the action. It can be fairly inferred from the record Bellard took his deed with knowledge of the pendency of the action and burdened with such charges against the net proceeds as might arise out of the action. Also, the record is not clear as to

whether Bellard took the deed in trust for appellee or just what are the respective interests of appellee and Bellard in the net proceeds. One pleading filed by Bellard prayed that both the appellee and Bellard be granted an equitable lien on the property and the names of the two be treated jointly in the action.

The case is reversed and remanded with the following directions:

(1) The amount of arrears in child support, if any, be determined as of July 11, 1978 and set-off against the distributable sum of $6,914.25 found in the judgment. Any delinquent amount of child support should be determined by stipulation of the parties or after hearing evidence.

(2) Any residue of the amount distributable should be ordered disbursed jointly to the appellee and Roland J. Bellard, unless a written stipulation executed by said parties providing for some other method of distribution is filed or unless a hearing is held to determine who should receive the net remaining sum to be awarded.

(3) Any further court decree shall reflect the sale and commissioner's deed so as to convey all the interest of the appellee and Roland J. Bellard in the property to the appellant, Paula Dier Baldwin, and so that the pleadings filed by Bellard operate to make him a party to the suit and give the court jurisdiction over him and his interest in the property.

Reversed and remanded.

PILKINTON, J., concurs.

HOWARD and NEWBERN, JJ., dissent.

JAMES H. PILKINTON, Judge, concurring. I concur in the results reached by the majority for the following reasons. Immediately after this suit was filed, and Mr. Baldwin was notified as provided by law, he conveyed his interest in this Arkansas property to Roland J. Bellard, his Texas attorney.

This was probably a thinly veiled effort to hinder or defeat any claim Mrs. Baldwin might make for past due child support. Be that as it may, it is clear that thereafter both Mr. Baldwin and Mr. Bellard entered their appearance in this case. Their answer, and all other pleadings filed by them, are general and not limited. In addition, they are asking the court for a money judgment and other relief.

When Mr. Baldwin and Mr. Bellard filed their motion asking the trial court to correct an error in the order of distribution, Mrs. Baldwin responded by requesting credit, and other relief, for unpaid child support due under the Florida divorce decree. Neither Mr. Baldwin nor Mr. Bellard denied that she was entitled to be heard on this. The trial court never did pass on this phase of the matter, but left this issue hanging and unresolved.

There is a substantial amount of money still under the control of the trial court, which has not been distributed, and which Mr. Baldwin and Mr. Bellard are seeking to obtain. This $6,914.25 is subject to the orders of the court until finally disbursed. The interest of Bellard is clearly subject to any claim Mrs. Baldwin may have against her former husband. See *Funk* v. *Young,* 138 Ark. 38.

Ark. Stat. (1947) §27-1125, and other provisions of our law and rules provide that set-off may be claimed; and broad discretion in such matters is given to the court. The code practice is liberal with regard to amendments. *Pulaski County* v. *Horton,* 224 Ark. 864 at 871, 276 S.W.2d 706. In *Horton* the Supreme Court said:

> We have also said that in enacting Ark. Stats., 27-1123 and other statutes relating to counterclaims and set-offs, it was the manifest purpose of the Legislature to permit litigants to settle all matters between them in a single unit. *Church* v. *Jones,* 167 Ark. 326, 268 S.W. 7; *Troxler* v. *Spencer,* 223 Ark. 919, 270 S.W.2d 936.

The 1917 amendment to what is now §27-1123, Ark. Stat. (1947) struck out a requirement that the counter claim be connected with the subject of the action.

It is my view that Mr. Baldwin and Mr. Bellard were both in court for all purposes under the circumstances; and under the state of the pleadings the Chancery Court not only had the right but the duty to fully dispose of the litigation by considering Mrs. Baldwin's claim for what the majority properly terms a set-off for any child support that may be due.

DAVID NEWBERN, Judge, dissenting. I have no quarrel with that part of the majority decision which remands the case for a determination of the extent of Bellard's interest as opposed to Baldwin's. I do, however, find objectionable the use of the "de novo review" authority to permit a set-off of the allegedly overdue child support payments. The appellant did not ask any consideration of that claim until she realized that the original distribution was erroneous in a way that was greatly to her advantage, and that thus she would have to give up some of the funds erroneously distributed to her by the court's order. In effect, she was commencing a brand new lawsuit at that juncture. Her child support claim was far afield of her original pleading in her partition action. It would have been error for the trial court to have entertained it when it was presented, and it is error for us to do so now. See, *Gardner* v. *Farmers Electric Co-op, Corp.*, 232 Ark. 435, 338 S.W. 2d 206 (1960).

Even more troublesome than this erroneous refusal to apply the well known applicable rule of pleading is the error this holding will precipitate in the area of jurisdiction. The chancellor had no jurisdiction of Mr. Baldwin with respect to any claim or judgment for child support the appellant may have had. The chancellor apparently disregarded the appellant's child support allegations, and thus Mr. Baldwin properly does not raise, on this appeal, any question about jurisdiction. I must address it, however, as in its zeal to get a "morally correct" result in this case by protecting the right of the appellant to some allegedly overdue payments, the majority is ordering the trial court to consider a child support claim in this lawsuit which has nothing to do with the child support claim.

The claim for child support is *in personam*, and thus per-

sonal jurisdiction of the defendant must abide in the court which orders its payment. 2 Nelson, *Divorce and Annulment* § 14.78, p. 109 (1961), citing, *Southern Pac. Co.* v. *Zehnle,* 163 F.2d 453 (1947); *Grubbs* v. *Grubbs,* 164 S.W.2d 216 (Tex. Civ. App. 1947), and see, *Watkins* v. *Watkins,* 194 Tenn. 621, 254 S.W. 2d 735 (1953). As to this claim, the trial court has established no such jurisdiction of Mr. Baldwin. The appellant could, of course, register any judgment she may have for child support in accordance with the provision of the Uniform Reciprocal Enforcement of Support Act, *Ark. Stat. Ann.* § 34-1436 (Supp. 1977), and she might obtain some relief against Mr. Baldwin in the provisions of that Act, the purpose of which was to aid spouses of persons who reside outside the state and to overcome just the problem which exists here, i.e., lack of personal jurisdiction of Mr. Baldwin.

Formerly, it could have been argued that the presence of Mr. Baldwin's property in Arkansas, in the form of owed distribution proceeds, would have subjected that property to a claim of a personal nature if it were properly attached for that purpose. That is, however, no longer the law. *Shaffer* v. *Heitner,* 433 U.S. 186, 97 S. Ct. 2659 (1977).

Had the appellant sought to register a child support judgment in Arkansas or otherwise taken a direct approach to that matter, and had the court somehow obtained jurisdiction of Mr. Baldwin in that action, I believe she might have been in a good position to have complained of the conveyance from Baldwin to Bellard as fraudulent. Without any facts at my disposal with respect to that claim, of course, I can express no opinion whether any child support claim exists, whether by order, judgment or otherwise. My point is simply that the partition action should not be used as a vehicle to bootstrap jurisdiction of the defendant as to a child support claim, especially when the latter is raised for the first time after the proceeds of the sale have been distributed.

The result orientation of the majority position troubles me greatly. A strong hint of the fact that this case is being retried on appeal, and incorrectly so, is the lack of any citation to case or statutory authority in the opinion. With all due

respect, I believe we should try to do as other appellate courts and make our decisions in accordance with demonstrable principles of law.