Truman P. BOLDEN *v.* Jimmy Lee CARTER

80-78                                    602 S.W. 2d 640

Supreme Court of Arkansas
Opinion delivered June 30, 1980
Rehearing denied August 25, 1980

*William P. Van Wyke*, for appellant.

*Dane, Felton & Hamilton*, by: *Donald E. Hamilton*, for appellee.

DARRELL HICKMAN, Justice. Jimmy Lee Carter sued Truman P. Bolden and his brother, Dozier Bolden, for damages resulting from an assault and battery that occurred in 1976. Two criminal trials were held in connection with the same incident. In *Bolden* v. *State*, 262 Ark. 718, 561 S.W. 2d 281 (1978), we reversed Truman Bolden's conviction for first degree battery. Bolden was again convicted and on appeal we again reversed the conviction. *Bolden* v. *State*, 267 Ark. 504, 593 S.W. 2d 156 (1980). This civil lawsuit was filed in October, 1976, five months after the incident. The matter was tried to a St. Francis County jury on August 22, 1979. The civil trial occurred after the second criminal trial but before we had decided the case on appeal.

The jury awarded Jimmy Lee Carter judgment for $25,-000 against Truman Bolden, finding no damages were due against Dozier Bolden.

On appeal Bolden raises three questions, all relating to procedure. First, he argues the trial court abused its discretion in not granting a continuance before trial. Second, he

argues a continuance should have been granted during the trial. Finally, he argues that certain testimony from the criminal trials should have been admitted as evidence in the trial of this cause.

The appellant concedes that the granting or denial of a continuance is a matter within the sound discretion of the court. Rules of Civil Procedure, Rule 40, provides:

> The court may, upon motion and for good cause shown, continue any case previously set for trial.

We will not disturb such a ruling unless we find the trial judge abused that discretion by acting capriciously and arbitrarily. *B. J. McAdams, Inc.* v. *Best Refrigerated Express, Inc.*, 265 Ark. 519, 579 S.W. 2d 608 (1979).

Did the appellant show good cause and did the trial court abuse its discretion in denying the motions?

This case had been pending for over two years. For over a year the case was in federal court, having been removed on the motion of the appellant. In November, 1978, the case was remanded to the state court; at the same time the federal judge relieved counsel of record for the appellant of his duties. After it had been remanded to the state court, the case was called at pretrial three times in 1979 before the matter was finally set for trial in August, 1979.

On August 6th it was set for trial for the 22nd of August. On the 16th of August, new counsel for Bolden, William P. Van Wyke of East Arkansas Legal Services, filed a motion for continuance alleging, among other things, insufficient time to prepare for trial. On the 20th of August, a hearing was held on the motion. The only evidence we have before us is the record, which consists of pleadings and docket entries, and the statements of counsel that were made to the court at the hearing. Counsel for the appellant argued Bolden had diligently tried to obtain counsel contacting two or three lawyers; he had been unable to obtain their services. Van Wyke stated that his services were obtained by Bolden, because Bolden was an indigent, on the 9th of August, but that due to the

complexity of the case it would be impossible to be ready for trial by the 22nd of August.

Counsel for the appellee remarked that Bolden had been present before the court in April, without counsel, and asked for and was granted a continuance. At that time the trial judge told Bolden the matter would be tried during the fall term and that Bolden would have to have an attorney. Counsel for the appellee argued that Bolden had not demonstrated sufficient effort to obtain counsel and that the trial should not be delayed.

The docket reflected Bolden had obtained other counsel. A lawyer's name was entered on the docket as being counsel for Bolden, but apparently that counsel had not been retained by Bolden. We do not know how that lawyer's name got on the docket as Bolden's attorney of record.

On these bare facts we are asked to find that the court abused its discretion, and that we cannot do. A trial court is obligated to administer its docket in an efficient manner and this case had been pending for along time; apparenly the trial court had been lenient with Bolden in delaying the matter. Bolden did not testify, nor is there any affidavit in the record to dispute the record in any way. It is simply a case of a lawyer being hired just before trial and that fact alone is not enough for us to find an abuse of discretion. No doubt the judge was familiar to some extent with the history of this case and without any evidence to the contrary, we cannot presume he acted arbitrarily or capriciously.

After the jury had retired to deliberate, counsel for the appellant asked for a continuance because two witnesses could not be present to testify on Bolden's behalf. A subpoena had been issued for one of the two witnesses but she had not been served by the sheriff's office. The other witness, according to appellant's counsel, was seriously ill and unable to appear, although she was present in court at one time.

It was the decision of the appellant's counsel not to call the seriously ill witness, Debra Ray. There was no proffer of what her testimony would be nor any evidence offered of her

unavailability except statement by counsel. The same is true as to the witness, Ms. Cleo McCornell. In addition, the appellant's lawyer stated that he believed McCornell was evading service of process, yet no request was made of the court during the trial for assistance. These facts alone are not sufficient to hold the trial court abused its discretion in denying this motion for continuance. This motion was made after the jury had begun to deliberate.

During the trial the appellant requested that testimony given by three witnesses at the previous criminal trials be admitted in evidence. The basis of that request was Rule 804(b)(1) of the Rules of Evidence, which reads:

(1) Former testimony. Testimony given as a witness at another hearing of the same or a different proceeding, or in a deposition taken in compliance with law in the course of the same or another proceeding, if the party against whom the testimony is now offered, or, in a civil action or proceeding a predecessor in interest, had an opportunity and similar motive to develop the testimony by direct, cross, or redirect examination.

See, also, Rules of Civil Procedure, Rule 80, which reads:

When admissible, the testimony of any witness given in any court at any former trial between the same parties or their privies and involving the same issue or claim for relief may be proved by the duly certified transcript thereof.

The question to us is, was Jimmy Lee Carter a party in the criminal trial or one against whom former testimony could be admitted in a later civil trial?

The appellant cites several cases for our consideration. *Lloyd* v. *American Export Lines, Inc..*, 580 F. 2d 1179 (3d Cir. 1978); *In re Master Key Antitrust Litigation*, 72 F.R.D. 108 (D.C. Conn. 1976). In the *Lloyd* case, the Court of Appeals held that the United States Coast Guard was "predecessor in interest" to a man named Alvarez for purposes of Rule 804(b)(1). The Coast Guard had conducted hearings on whether to suspend

Merchant Marine documents of Lloyd because of a fight he had with Alvarez. In the *Master* case, it was found that the United States government was a "predecessor in interest" to a witness in an antitrust suit.

Of course Jimmy Lee Carter was not a party to the criminal trial. Also, the trial court remarked that he had been the trial judge during the criminal case and that Carter was not present during the time the former testimony was given and had no opportunity to even listen to the testimony, much less develop that testimony by direct, cross or redirect examination. Consequently, the trial court ruled that the former testimony was not admissible by the Arkansas rules.

We agree with that conclusion. Simply because Carter was a police officer and Bolden was being prosecuted for criminal misconduct in connection with this assault and battery would not mean the testimony taken during those criminal trials would be admissible in a civil action between Carter and Bolden. We are unwilling to say, as a matter of law, that the State was a predecessor in interest to Carter or that the testimony was admissible under Rules of Civil Procedure, Rule 80.

It is interesting to note that Weinstein reports that Congress has narrowed the federal rule so that it is no longer a question of whether one is a predecessor in interest in federal criminal cases; one has to be a party in the prior proceeding before testimony can be used at another trial. Weinstein's Evidence, United States Rules, § 804(b)(1) [5].

Affirmed.

PURTLE and MAYS, JJ., dissent.

JOHN I. PURTLE, Justice. I reluctantly dissent in this case because I know the trial court was acting in the utmost good faith. However, it is my opinion that the fact that Debra Ray was a vital witness to the appellant and was confined to the hospital was sufficient ground to require a continuance.

I am also not convinced that a reasonable effort was

made to serve the subpoena on Mrs. McCornell. It is true the subpoena reflects the sheriff made one attempt to serve Mrs. McCornell at her home but was unable to contact her. It is equally clear that an assistant to appellant's attorney had no trouble in locating Mrs. McCornell at her home on that same date.

I have no sympathy for the appellant's apparent lack of diligence in failing to timely engage the services of an attorney to represent him in this matter. However, it is obvious this attorney did not have sufficient time to properly prepare a defense for a matter so important and complicated. I feel the court should have granted a continuance of at least a few days in order to allow the attorney to better prepare himself for this trial, particularly since no prejudice would have resulted.