Moses L. JOHNSON *v.* Catherine COLEMAN

CA 81-199                                             627 S.W. 2d 565

Court of Appeals of Arkansas
Opinion delivered February 3, 1982
[Rehearing denied March 3, 1982.]

*L. T. Simes, III, Esquire,* for appellant.

*Sharp & Morledge, P.A.,* for appellee.

Tom Glaze, Judge. Appellant argues four points for reversal, all of which arise from pre-trial motions. The trial court ruled against appellant on each motion, and after hearing the cause on its merits, the court entered judgment in favor of appellee. Appellant does not challenge the merits of the case on appeal.

The chronological sequence and manner in which this case developed for trial are important:

(1) On July 10, 1980, appellee filed her complaint and later amended it on August 6, 1980, after appellant filed a motion to make more definite and certain.

(2) On November 18, 1980, appellant filed an answer and counterclaim.

(3) By a notice dated January 15, 1981, the court set the case for pre-trial on February 9, 1981. Appellant's counsel, by letter, notified the court that he had a conflict on February 9, 1981, and requested this cause to be continued.

(4) On the pre-trial date, the court set this cause for a non-jury trial on February 24, 1981, and this court's

clerk duly notified the respective parties' counsel of the trial date.

(5) By letter to the court dated February 16, 1981, appellant's counsel acknowledged receipt of the trial date of February 24, 1981, and requested a continuance due to another conflict he had on the scheduled trial date and because he intended to move for a default judgment since appellee failed to file an answer to his counterclaim filed on November 18, 1980.

(6) By letter to the court dated February 18, 1981, appellee's counsel acknowledged receipt of the February 16 letter mailed by appellant's attorney. In the February 18 letter, counsel for appellee notified the court that he had been unaware of any response filed by the appellant since he had never been served with either an answer or counterclaim. He further advised the court he would file an answer and prepare for trial on February 24 or February 23 if this latter date would help avoid the conflict appellant's attorney noted in his earlier letter.

(7) On February 23, 1981, the parties and their counsel appeared in court and appellee's counsel announced he was ready for trial. Appellant's counsel objected, stating:

(a) He had never waived a jury trial;

(b) He was entitled to a default judgment on appellant's counterclaim against appellee;

(c) He was entitled to a continuance; and

(d) He was not properly or sufficiently notified of the February 23 trial date.

The court ruled adversely to appellant on each point raised prior to trial, and these are the four issues presented by appellant on appeal. We believe the court ruled correctly on each of the four pre-trial objections and motions.

First, the record is clear that appellant never complied with Rule 38 of the Arkansas Rules of Civil Procedure, which sets forth the requirements for demanding a jury trial. There is no doubt that appellant received notice of the February 24 trial date which was set by the court at the February 9 pre-trial conference. No demand for a jury was ever made by appellant until February 23 or over seven months after this action was first commenced.

Appellant's counsel argues that a local rule or custom followed by the courts in the judicial district in which this case was pending permitted him to request a jury at the pre-trial conference. Since he was absent from the pre-trial conference, he argues his absence somehow eliminated his need for demand a jury trial. We cannot agree. There is nothing in the record that substantiates counsel's contention that a local rule or custom concerning jury demand exists, but even if it did, we still find no evidence that counsel ever attempted to request a jury by any manner whatsoever prior to February 23. It is counsel's duty to pursue his client's cause through all its stages. *Pennington's Ex'rs.* v. *Yell*, 11 Ark. 212 (1850). This duty is rightfully imposed on counsel since a party is bound by the acts or omissions of his attorney. *O'Leary* v. *Commercial National Bank of Little Rock*, 1 Ark. App. 266, 614 S.W. 2d 682 (1981).

Appellant next contends that he was never notified by the court as to the February 23 trial date. The notice he received set the cause for trial on February 24, a date on which he had a conflict. Appellant advances the argument that the trial notice was insufficient and the case was not fully developed nor ready for trial on February 23. For these reasons, appellant suggests the court abused its discretion in denying appellant's motion for a continuance.

Since appellant's counsel had notified the court that he had a conflict on February 24, attorney for appellee said that he agreed to a setting on February 23, which would accommodate and permit appellant's counsel to attend the trial. Apparently, counsel for appellant never agreed to try the case on either date but did appear with his client on February 23.

Whether a motion for continuance should be granted is addressed to the discretion of the trial judge, and his decision will not be overturned unless that discretion is manifestly abused. *Rawhide Farms, Inc.* v. *Darby,* 267 Ark. 776, 589 S.W. 2d 210 (1979). Moreover, the Supreme Court has held that such a ruling will not be disturbed on appeal unless there is evidence that the trial judge acted arbitrarily or capriciously. *Bolden* v. *Carter,* 269 Ark. 391, 602 S.W. 2d 640 (1980). From the facts before us, we cannot agree the trial judge manifestly abused his discretion or that he acted arbitrarily.

Appellant's counsel notified the court by letter that he would not attend pre-trial conference on January 15, 1981, due to a conflict. He did not send a representative, and from the record, counsel took no further action in this cause until February 16, 1981, sometime after the court's clerk notified him of the February 24, 1981, trial. Again, by letter dated February 16, appellant's counsel advised the court he could not attend the February 24 trial date because he had another trial date. We cannot agree, as counsel for appellant seems to suggest, that a trial court is obliged to remove a case from its trial docket merely because an attorney writes a letter advising the trial judge that the attorney is unable to attend the date of hearing or trial. No motion for continuance was ever filed prior to the February 23 trial nor is there anything in the record which reflects appellant requested a hearing concerning a postponement for any reason.

Here, the reasons offered by appellant's counsel were known to him in advance of the February 23 or 24 trial dates. If scheduling conflicts, incomplete discovery or unavailable witnesses would prevent him from trying this case, he could have easily filed a timely motion stating the reasons for a continuance and requesting a hearing to dispose of the motion. In this connection, an attorney's conflicts which cause delays in preparing and presenting a case for trial are matters which should be considered by the trial court. However, an attorney's trial schedule conflicts and convenience must be subject to the convenience of the trial court in setting its trial or hearing docket. *Burrows* v. *Forrest City,* 260 Ark. 712, 543 S.W. 2d 488 (1976). From the record before

us, we simply do not believe it reflects the trial judge erred in denying appellant's motion for continuance.

Finally, we consider appellant's contention that the court erred in not awarding him a default judgment on his counterclaim. Our holding in *Hensley* v. *Brown*, 2 Ark. App. 175, 617 S.W. 2d 867 (1981), is applicable to the facts presented here. In *Hensley*, we said:

> So while we agree with the appellants that the granting of a default judgment on the issue of liability is not a matter of discretion where no answer or other pleading is timely filed, this does not mean that the trial court was in error in this case. If the appellee's allegation with regard to the mailing of his answer were believed, then the failure of the post office to deliver the letters would constitute excusable neglect, unavoidable casualty, or other just cause. The record does not show why the court denied the appellants' motion for default but it is their burden to demonstrate that the court was in error.

Counsel for appellee told the court that appellant's answer and counterclaim had never been served on him. The trial court accepted this as an explanation for appellee's failure to file a timely answer. Obviously the trial court believed the post office failed to deliver the pleadings filed by appellant. If the court erred, it was appellant's burden to prove it, and appellant failed to meet that burden.

For the foregoing reasons, we affirm the trial court's decision in all respects. Additionally, appellee requests costs for abstracting the pleadings in this cause. The request will be granted since these pleadings were obviously necessary for us to consider the points raised by appellant in this appeal.

Affirmed.