72

GOVERNMENT EMPLOYEES INSURANCE
COMPANY *v.* Verlin AKERS et ux

83-61                                          648 S.W.2d 492

Supreme Court of Arkansas
Opinion delivered April 11, 1983
[Rehearing denied May 9, 1983.]

*William R. Wilson, Jr., P.A.,* by: *William R. Wilson, Jr.,* for appellant.

*Gardner & Gardner,* by: *Richard E. Gardner, Jr.,* for appellees.

DARRELL HICKMAN, Justice. The question is a procedural one: Whether the trial court erred in finding that an affirmative defense had not been pleaded. Government Employees Insurance Company brings this appeal from the trial court's decision denying Government Employees from defending a claim by a homeowner for fire damage by presenting evidence of arson — that one of the Akerses caused the house to be burned. The trial court found that the appellant had not pleaded arson or willful burning of the residence by the homeowners, Verlin Akers and his wife, the appellees, as an affirmative defense. On appeal we cannot say the trial court abused its discretion and that is actually the question to be answered. It was conceded that Government Employees had an insurance policy in effect on the dwelling; that the house did, in fact, burn, and that there

was a loss of a specified sum of money. When the appellees filed their lawsuit against Government Employees on the basis of the policy, Government Employees filed a general denial. After several pleadings were filed, Government Employees filed an amendment to its answer stating that the loss alleged by the plaintiffs was not "within the coverage, terms, and conditions of the policy of insurance." The appellees filed a motion to require the appellant to make a more definite and certain answer, and the court ordered the appellant to do so within fifteen days. The appellant responded stating that:

> ... [T]he loss suffered by the Plaintiffs was not covered under this policy. The policy explains in detail the perils insured against and the exceptions thereto. The loss sustained by the Plaintiffs was not such a loss as insured by the Defendant.

So the appellant never affirmatively pleaded arson — or set out the policy provision it was relying on. But the appellant argues this is only technically true, that the trial court could have decided otherwise and indeed changed its mind just before trial.

The case was set for trial in March of 1981, and before trial the appellees filed a motion in limine to prevent Government Employees from using the defense of arson since it had not been specifically pleaded even though there was no written order. The court apparently refusd to grant the motion. The case was continued and just before it was to be tried in November of 1981, the appellees filed the same motion in limine. Upon reconsideration, the court decided that Government Employees had not specifically pleaded the defense of arson or any specific provision of the policy that would preclude recovery and granted the motion.

On appeal Government Employees is represented by another attorney and it is argued that the appellees were not surprised since the motion in limine mentioned arson, and therefore, there was no justifiable basis for the trial court's

decision. But, as the court pointed out, there are rules of procedure and the appellant did not plead an affirmative defense as it should have. It is argued that the motion in limine placed in issue the question of arson and a liberal construction of the Rules of Civil Procedure should have allowed Government Employees to proceed with its defense. There is no doubt that arson was mentioned in these pleadings but a party is entitled to know precisely what affirmative defense will be relied upon and none was pleaded in this case.

The answer filed by Government Employees in this case put no specific provision of the policy in issue. A general denial by an insurance company defending a policy merely puts the plaintiff to his proof. An affirmative defense such as an exception in the policy must be specifically pleaded. *Universal Life Insurance Company* v. *Howlett*, 240 Ark. 458, 400 S.W.2d 294 (1966). It is true the trial judge did change his mind but ultimately made the right decision. And the fact that he changed his mind is not necessarily reversible error. *Nance* v. *Flaugh*, 221 Ark. 352, 253 S.W.2d 207 (1952). It was purely a discretionary decision by the trial court which we cannot find manifestly wrong.

Affirmed.

HAYS, J., dissents.

STEELE HAYS, Justice, dissenting. I could readily side with the majority in this case if there had been any surprise or prejudice, or some disadvantage resulting from the appellant's failure to specifically plead the defense of arson. But there was none, as the trial court noted. The appellee knew the appellant's defense was a claim of arson and for the trial court to grant a motion in limine on the morning of trial, the same motion it had earlier denied, defeats the spirit of ARCP Rule 8 (f), that pleadings are to be "liberally construed so as to achieve substantial justice."

I concede the trial court's discretion in these matters, but where that discretion is exercised restrictively so as to deprive a litigant of any opportunity to prove what might

have been a meritorious defense, that discretion ought to be reviewed carefully on appeal, and any doubts resolved against one litigant being denied its "day in court", as we like to term it, a right regarded as fundamental under our system.

The indiscriminate, and growing, use of motions in limine aimed at striking an entire defense is thoughtfully addressed by the Supreme Court of Iowa in *Lewis* v. *Buena Vista Mutual Insurance Association,* 183 N.W.2d 198 (Iowa 1971). It makes good reading for judge and practitioner alike. The case is strikingly similar to the one before us, the only material difference is in the outcome. There, the trial court granted a motion in limine on the morning of trial so as to prevent an insurer from proving arson in defense of a fire loss. Noting that the plaintiff was not surprised by the claim of arson because pretrial discovery included references to arson and fire marshal reports, the Supreme Court of Iowa reversed and remanded the case for trial, as we should do.