Ray ODAWARE *v.* ROBERTSON AERIAL-AG, INC.

CA 84-59                                      683 S.W.2d 624

Court of Appeals of Arkansas
En Banc
Opinion delivered January 30, 1985

*Odell C. Carter,* for appellant.

*Mullis, Davis & Chadick,* by: *Mark B. Chadick,* for appellee.

GEORGE K. CRACRAFT, Chief Judge. Ray Odaware appeals from a judgment entered against him in the Lincoln County Circuit Court in favor of Robertson Aerial-AG, Inc. He contends that the trial court erred in granting a summary judgment and abused its discretion in not permitting the appellant to amend his answer on the day of trial to assert a set-off. We find no merit.

On October 8, 1981 the appellee filed an action against the appellant to recover on an open account. The appellant

answered by general denial and asserted by way of set-off a claim for damages for the negligent application of herbicides to his crops which was the subject of an action pending in the circuit court of Lincoln County, assigned No. CIV 81-100. The appellant further stated in his answer that as the action was on an open account and no verified, itemized statement was attached the appellant could not adequately defend until such an account was filed. On January 9, 1982 the appellee filed an amended complaint to which it attached the requested verified, itemized statement of account. On January 26, 1982 the defendant filed an answer to the amended complaint, again generally denying the allegations of the complaint and asserting the same set-off. The appellee then propounded certain interrogatories to the appellant. One interrogatory asked him to explain why he had not paid for the services outlined in the complaint and account. In his response filed February 12, 1982 the appellant stated:

> On May 28, 1980, the plaintiff flew so high that he did not get any chemicals on my beans. The plaintiff said they would make it good, but never have. Also, in the spring of 1980, the plaintiff had a plane to fall in my bean field that damaged about 8 acres of prepared ground in order to get the plane out and delayed planting. The plaintiff promised to have the damages taken care of on this also, but never has. The plaintiff has also damaged my 1980 crops due to negligent application of chemicals and has not settled with me for damages in that case.

The appellant's claim for damages in civil action CIV 81-100 was subsequently settled and dismissed with prejudice.

The case now under review was set for trial on three or four occasions but was continued. It came up for jury trial on November 3, 1983. On the day set for the jury trial appellee moved that, as the claim pled as a set-off had been settled and dismissed with prejudice, the appellant not be allowed to mention anything about the subject matter of

that suit and be limited only to the general and specific denial contained in his answer. The court then ruled that in view of the order dismissing the case with prejudice appellant would be directed not to refer to any matters that were involved in CIV 81-100.

The appellant's counsel then responded: "We have raised in our Response to Request for Admissions and Interrogatories and informed the plaintiff on February 12, 1982 that we were raising a defense to his claim on the basis that the plaintiff had flown his plane so high that no chemical got on the soybean land and also that there had been a plane landed in the defendant's field which had done substantial damage to the defendant's ground and caused other damages to crops." The appellant then moved for permission to amend his pleading to set up that set-off or in the alternative for a continuance to give him time to amend his pleadings. The trial court overruled both motions.

After the court announced its ruling that it would not permit an amendment at that late date and would exclude any testimony of a set-off as outside the scope of the pleadings appellant's counsel stated: "Well, in that case, I don't see that we have anything to try, and I don't see that there is any point in going through the motion of seating a jury." Although he refused to confess judgment he stated that if he could not ask questions tending to prove the set-off, then he took it that, "the court, in effect is granting a summary judgment *because I have no defenses*. And so if we go to the end of Mr. Robertson's testimony and I have no testimony, then the court is going to grant a directed verdict at that time. So I take it, what the court has done to me, as a practical matter, is to grant a summary judgment as if it had been on a request for admissions." He stated further that it was not necessary to put a jury and the court through a trial because the court's ruling had left him without a defense. He stated that it had always been the appellant's understanding that the appellee had done the work, but that it was done in an unsatisfactory manner, and he suggested that the jury be discharged and a precedent for judgment be prepared and entered. The court thereafter entered judgment for the

amount sued for which was styled "Summary Judgment."

The appellant first argues that the trial court erred in entering summary judgment contending that summary judgment is improper where there are issues of fact. The appellee contends that the judgment was entered by consent and therefore appellant is in no condition to complain about it.

From our review of the record we cannot conclude that the judgment of the court was either a summary one or one entered by consent. It is clear to us that as the appellant could offer no proof that appellee had not rendered the services for which it claimed payment or that the services were unsatisfactory, he merely waived his right to demand that the appellant strictly prove his account.

The appellant next contends that the trial court erred in not granting his motion to amend his pleadings to plead a .set-off on the morning of trial. ARCP Rule 8(c) requires that all affirmative defenses must be contained in the response to a complaint and specifically includes as affirmative defenses failure of consideration and set-off. The purpose of the requirement of Rule 8(b) and (c) that a party state in ordinary and concise language his defenses and affirmative defenses to each claim for relief against him is to give fair notice of what the claim is and the ground on which it is based so that each party may know what issues are to be tried and be in a position to enter the trial with his proof in readiness. *Reporter's Notes* to ARCP Rule 8. It is the method by which the issues are joined, enabling each party to know what issues he must be prepared to meet at the trial.

Answers to interrogatories, as well as any other information disclosed on discovery are not a pleading or a defense to a pleading. While such information may give rise to amendments to pleadings, it does not in and of itself constitute an amendment to a pleading or inject new issues into the case. The appellant does not seriously contend otherwise. He relies primarily on ARCP Rule 15(a) which permits liberal amendments to pleadings without leave of

court. ARCP Rule 15(a) and the *Notes* indicate that amendments to pleadings should be allowed in nearly all instances without special permission from the court except where on motion of an opposing party the court determines either that prejudice would result or that disposition of the cause would be unduly delayed. In those instances the court may strike such amended pleadings or grant a continuance of the proceedings.

The appellant argues that although he did not affirmatively plead the set-off, his answers to interrogatories made the appellee fully aware of it, and that since appellee was fairly apprised prior to trial he could not have been prejudiced by the amendment. The record shows that the appellee had not prepared to defend against the set-off. The appellee had brought witnesses to the court prepared to establish the verified account, but had brought none to defend against a set-off. In the absence of a showing to the contrary we see no abuse in the court's discretion in not requiring the appellee to go to trial and defend against an affirmative defense which had never been duly asserted.

The appellant next contends that the trial court abused its discretion in not granting a continuance upon overruling his motion to amend. It is well settled that a trial court is vested with a broad discretion in determining whether to grant a continuance and that his determination will not be overturned by this court unless that discretion has been manifestly abused. *Bolden* v. *Carter,* 269 Ark. 391, 602 S.W.2d 640 (1980); *Johnson* v. *Coleman,* 4 Ark. App. 58, 627 S.W.2d 565 (1982). A trial court has an obligation to manage and control its docket in an efficient manner. *Bolden* v. *Carter, supra.* The record shows that the case had been on file since October 18, 1981 and that appellant's answer had been filed in its present form since January 1982. The Court commented that whatever defenses the parties had to this action had existed prior to the filing of the answer and had not been asserted. The case had been set for trial and continued several times. The trial court noted that the jury was present and had been awaiting the conclusion of the hearing in chambers and that he felt it would be an abuse of

the jury to have called and dismissed the jury for nothing. Any question about the pleadings could have been resolved before the jury was called.

Under these circumstances we cannot say that there was a manifest abuse of discretion.

Affirmed.

MAYFIELD AND COOPER, JJ., dissent.

MELVIN MAYFIELD, Judge, dissenting. I cannot agree with the result of the majority opinion because I think the trial court should have allowed the appellant either to amend to plead the set-off disclosed in his answers to the interrogatories, or to grant him a continuance so that he could amend to allege the set-off.

The majority opinion concedes that ARCP 15(a) allows a party to amend its pleadings at any time unless the court "determines that prejudice would result or the disposition of the cause unduly delayed because of the filing of the amendment."

It is difficult to believe the appellee would have been prejudiced by the amendment proffered by the appellant since the answers to the interrogatories had been filed over 20 months before the day the matter came on for trial. Nevertheless, the appellee claimed it was not prepared to defend against the amendment because it had no witness present except its president and he was prepared only to submit the verified account.

Assuming the appellee would have been prejudiced by the filing of the amendment on the day of the trial, why would the court not allow the appellant a continuance so he could amend to plead the set-off without prejudice to the appellee? Of course, ARCP 15(a) provides that an amendment to a pleading may not be allowed if the court determines that it will unduly delay the disposition of the case, but the trial judge made no mention of any undue delay.

.   Actually what troubled the judge, and he so stated, was the fact that a jury was present and the judge did not want to tell them to "go home without doing anything." I agree that this is a proper concern, but for many years what is now Ark. Stat. Ann. § 27-1404 (Repl. 1979) has provided that continuances may be granted upon the condition that the party obtaining the continuance pay the cost due for the term in which the continuance is granted. *See also Boone* v. *Skinner,* 85 Ark. 200, 107 S.W. 673 (1908). I think the court should have granted appellant's motion for continuance but should have conditioned it upon an agreement that appellant pay the cost of the jury for the day.

In *Baldwin* v. *Baldwin,* 266 Ark. 892, 587 S.W.2d 592 (Ark. App. 1979), this court allowed a petition for a set-off for child support to be filed after a decree for partition had been entered and the property had been sold. And in the early case of *Turner* v. *Tapscott,* 30 Ark. 312, 327 (1875), the court said:

> The Code practice is liberal with regard to amendments when the object is to obviate an omission, either in pleading or evidence, if amended or allowed, which would tend to facilitate the final disposition of the case upon its merits.

It would have been in keeping with the spirit of our procedure, both present and past, to allow the appellant to amend to allege his set-off. I would reverse and remand this case for that purpose on the condition set out above.

COOPER, J. joins in this dissent.