## NATIONAL SECURITY FIRE AND CASUALTY COMPANY *v.* Billy R. SHAVER

CA  84-325                                      686 S.W.2d 808

Court of Appeals of Arkansas
En Banc
Opinion delivered April 3, 1985

*Eilbott, Smith, Eilbott, Humphries & Taylor,* for appellant.

DONALD L. CORBIN, Judge. Appellee, Billy R. Shaver, brought suit against appellant, National Security Fire and Casualty Company, to recover the policy limits for loss of his mobile home to fire. Appellant, in correspondence to appellee, denied liability because the mobile home was unoccupied sixty days prior to the fire. Appellant's policy of insurance issued to appellee contained an exclusion to coverage if the dwelling was unoccupied for a sixty-day period. We reverse and remand.

Appellee filed his complaint on October 18, 1983, and on the date set for trial before a jury on May 31, 1984, appellee filed a motion in limine requesting the court to exclude any evidence offered by appellant relating to an affirmative defense because of appellant's failure to raise any affirmative defenses in its answer to appellee's complaint. The trial court granted this motion. The issue on appeal is whether the trial court abused its discretion in granting appellee's motion in limine. Appellant argues that the trial court erred in prohibiting it from raising the issue of nonoccupancy under the insurance policy because even though the issue was not affirmatively pled in appellant's answer, it was made known to appellee in other pleadings and no surprise or prejudice would have resulted.

ARCP Rule 8(c) requires that all affirmative defenses must be contained in the response to a complaint. The purpose of the requirement of Rule 8 that a party state in ordinary and concise language his defenses and affirmative defenses to each claim for relief against him is to give fair notice of what the claim is and the ground on which it is based so that each party may know what issues are to be tried and be in a position to enter the trial with his proof in readiness. *Reporter's Notes* to ARCP Rule 8. The law in Arkansas is well settled that an exception in a policy of insurance is an affirmative defense which must be specifically pleaded. *Government Employees Ins. Co. v. Akers,* 279

Ark. 72, 648 S.W.2d 492 (1983); *Universal Life Ins. Co.* v. *Howlett,* 240 Ark. 458, 400 S.W.2d 294 (1966). There is no question but that the occupancy clause in the insurance policy here was an exception or exemption clause. Appellant contends in the case at bar that the necessity of raising the occupancy clause in its answer was eliminated since this defense was stated in appellant's response to appellee's interrogatories, in correspondence exchanged between the parties, and in depositions taken prior to trial. We do not agree as answers to interrogatories, as well as any other information disclosed during discovery are not a pleading or a defense to a pleading. *Odaware* v. *Robertson Aerial-AG, Inc.,* 13 Ark. App. 285, 683 S.W.2d 624 (1985). However, as noted in *Odaware, supra,* such information may give rise to amendments to pleadings. ARCP Rule 15(a) permits liberal amendments to pleadings at any time without leave of court. As noted in the *Reporter's Notes* to ARCP Rule 15(a), the Committee believes that generally speaking, it is the intent of this rule that amendments to pleadings should be permitted without leave of court in all instances unless it can be demonstrated that prejudice or delay would result and the rule gives the court discretion to strike any amendment. Rule 15(b) permits amendments to conform to the proof adduced at trial and more or less makes it mandatory that pleadings be amended to conform to the proof where there has been objection to such proof. Such amendments may be made at any time, even after judgment.

In *Miller* v. *Hardwick,* 267 Ark. 841, 591 S.W.2d 659 (Ark. App. 1980), this Court reversed the granting of summary judgment in favor of appellee. Suit had been instituted on an open account by appellee and appellant filed only a general denial to appellee's complaint. In answering interrogatories propounded to appellant, appellant admitted the existence of the contract but stated that there was a partial lack of consideration. Motion for summary judgment was filed by appellee and granted. In its response to appellee's motion for summary judgment, appellant stated that his response to discovery adequately outlined the defenses to be relied upon at trial. In reversing, this Court stated as follows:

Pleadings are for the purpose of informing all the parties what the issues are. Where there is no surprise or substantial prejudice the court can always, and often does, treat the pleadings as amended, to conform to the proof. Defects in pleadings are to be disregarded unless they substantially affect the rights of the adverse party. A variance between the pleadings and proof is not material unless it has actually misled the adverse party to his prejudice. (cites omitted) While the general denial did not apprise Hardwick of the Millers' defense, the response to the interrogatories provided this notice. These responses, which became a part of the record without objection, were evidence to be considered by the judge. Once these became evidence, the pleadings are treated as amended to conform to the evidence. (cite omitted)

See, also, *Bonds* v. *Littrell,* 247 Ark. 577, 446 S.W.2d 672 (1969), where a similar result was reached by the Arkansas Supreme Court.

As stated previously, appellee's motion in limine and supporting brief were submitted to the trial court on the day of the trial. A hearing was held in chambers on this motion prior to selection of the jury. The record reflects that after the trial court granted appellee's motion in limine, counsel for appellant advised the trial court that his client no longer had a defense. Counsel for appellant ultimately stipulated to the amount of damages in the case and judgment was entered accordingly.

It is clear from the record that counsel for appellant objected to appellee's motion in limine throughout the course of the hearing. A proffer was made by counsel for appellant for the stated purpose of establishing absence of surprise to which counsel for appellee did not object. The proffer related to appellant's denial of coverage on the basis of the occupancy clause and the policy, correspondence between the parties, depositions and interrogatories and responses to interrogatories were offered to support this contention. In addition, appellee Billy R. Shaver was called to testify in chambers and stated that he understood since his

receipt of appellant's letter of May 31, 1983, that appellant was denying coverage on the basis of the occupancy clause.

As noted previously, appellant objected strenuously in the proceedings below to appellee's motion in limine, arguing that there was no surprise or substantial prejudice to appellee as a result of appellant's reliance upon the occupancy clause and making a proffer to support this. Counsel for appellee stated at one point during the hearing that while he agreed with counsel for appellant that there had been depositions taken and interrogatories propounded and answered and that he had seen some other areas that he felt like maybe counsel for appellant was going to use the occupancy clause as a defense, he just simply did not know what all to prepare for. The following exchange then occurred:

THE COURT: Now, what is the story on this thing now, ah, in your position, Bill? You had a house out here that was insured by fire insurance?

MR. MEEKS: Yes, sir, it was a mobile home.

THE COURT: And it was vacant more than sixty days?

MR. MEEKS: No, sir, our testimony is going to show that it was not. That is a defense that I guess . . .

THE COURT: And you say that it has been?

MR. HUMPHRIES: Yes, sir.

We believe that it is evident from the above exchange that appellee was in fact prepared to put on proof at trial to the effect that the mobile home was occupied and to rebut appellant's contention to the contrary. The record also reflects in responses to interrogatories propounded to appellee that appellee intended to call eleven witnesses to testify at trial and that their testimony was expected to be that the mobile home was occupied on a regular basis up until shortly before the fire. The record further reflects that

four of the eleven witnesses were in fact subpoenaed to testify at trial.

We find that appellee was prepared to defend against the occupancy clause in the insurance policy and that the trial court abused its discretion in refusing to allow the pleadings to be amended to conform to the evidence. It appears from the record that appellant sought to amend the pleadings by his repeated references to lack of surprise or prejudice to appellee and by his proffer although counsel did not specifically announce his desire to have the pleadings conform to the proof. We think it most important to note that this decision is narrowly drawn and limited to the facts of this particular case. It is not our intention to diminish the requirement under ARCP Rule 8(c) that all affirmative defenses must be contained in a response to a complaint. Accordingly, we reverse and remand for trial on the merits.

Reversed and remanded.

MAYFIELD, J., concurs.

MELVIN MAYFIELD, Judge, concurring. I agree that the judgment in this case should be reversed and remanded for failure to allow appellant to amend its pleadings. In my view, this decision is a move away from the direction the majority of the court took in its January 30, 1985, decision of *Odaware* v. *Robertson Aerial-AG, Inc.*, 13 Ark. App. 285, 683 S.W.2d 624 (1985). As stated in my dissent in *Odaware*, I believe that decision is contrary to the spirit of our procedure, both present and past. I am happy that today's decision cites with approval *Bonds* v. *Littrell*, 247 Ark. 577, 446 S.W.2d 672 (1969), which stated: "Ever since the adoption of our civil code a century ago it has been a basic and wholesome rule in civil cases that amendments to the pleadings are to be liberally allowed in furtherance of justice. . . ."