**UNITED STATES of America**

v.

**Joseph HENRY and Anthony Politano.**

**Crim. No. 77–412.**

United States District Court,
D. New Jersey.

April 19, 1978.

Robert Del Tufo, U. S. Atty. by James T. Lacey, Asst. U. S. Atty., Newark, N. J., for the United States.

Joseph Henry, pro se, with the assistance of counsel provided by the Office of the Federal Public Defender.

Edward S. Panzer, New York City, for defendant Politano.

## OPINION

BIUNNO, District Judge.

Two individuals, W.D.S. and J.S., were served with subpoenas issued on behalf of the United States and the defendant Henry, to testify at the trial of this case. Through their attorney, they advised that each would interpose his right not to be compelled to be a witness against himself, under *U.S.Const.* Amend. 5.

Arrangements were accordingly made for them to appear, be sworn and examined under oath in the courtroom, as though *in camera,* out of the presence of the jury, but in the presence of defendants and counsel, and with the witness' attorney available for consultation.

Each was asked a series of questions, and as to all of them of substance (i. e., aside from what might be called "name, rank and serial number"), declined to answer.

Since both of the witnesses had previously appeared before the Grand Jury and had testified under oath, the court undertook a further examination *in camera* in the presence only of each witness (separately), the attorney for the witness, the deputy clerk, the court reporter and the court. Each witness was informed that in order to rule on the validity of the claim of right not to answer, they would be obliged to answer at the *in camera* hearing, but that their answers would be privileged, could never be used against them in any criminal proceeding, and would not constitute a waiver of the right.

From the questioning, the court was satisfied that the claim of right not to answer the questions put to them in the courtroom (or any other dealing with the subject) was validly asserted by each. The court so ruled on the record thereafter in the courtroom.

The transcripts of the purported Grand Jury testimony of these witnesses had previously been furnished by the United States to the defendants in compliance with the court's standard discovery order (uniformly entered at arraignment) because the transcripts were felt to contain potentially exculpatory material required to be disclosed under *Brady v. Maryland,* 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963) and later decisions.

Since then, the defendants have served and filed notices of intention to offer some part or all of this material, as specified by Fed.Ev.Rules 803(24) and 804(f)(5). The notice was allowed to be served during trial, rather than before trial, because the sustaining of the claims of the witnesses of the right not to answer questions did not take place until during trial. Also, it is noted that if the material is admissible under

Fed.Ev.Rule 804(b)(1), as "former testimony", there is no notice requirement. Compare N.J.Ev.Rule 64, which allows the trial judge to exclude "prior testimony" otherwise allowed under N.J.Ev.Rule 63(3), if notice of the intention to offer was not made known to the adverse party "at such time as to provide him with a fair opportunity to meet it."

■ Because of the sustaining of the claims of right to refuse to answer, each witness is, at this point, "unavailable as a witness", under the definition in Fed.Ev.Rule 804(a)(1). As was observed in the ruling when the claims were sustained, this status is necessarily "for the time being"; it is a potentially evanescent status. Any party remains free, before trial has ended, to subpoena one or the other or both of these witnesses again, or for the first time. The Fifth Amendment claim, even when valid, does not bar issuance and service of a subpoena or excuse compliance with its command. For all the court can tell, such a witness may, if called hereafter, not claim his right under the Fifth Amendment, or may answer one or more questions sufficiently to amount to a waiver of the right (compare N.J.Ev.Rule 37, allowing a witness to answer some questions without waiving the right to claim privilege as to others), or may be ordered to answer in accordance with 18 U.S.C. § 6001, et seq., in which case his testimony at trial, or its fruits, may not be used against him. These observations were noted to make clear that the ruling on "unavailability" was based on the facts as they stood then, and that the ruling might be different in the future if the facts changed.

■ The court has examined the Grand Jury transcripts involved, and concludes that there is nothing in them from which it can possibly find that they have circumstantial guarantees of trustworthiness equivalent to those implicit in the express exceptions to the hearsay rule under Fed. Ev.Rules 803 and 804. This is particularly

so since testimony at trial which is different than that before the Grand Jury would expose the witness to the jeopardy of a charge of perjury or false swearing, 18 U.S.C. § 1621, § 1623. None of the documents can be offered, for this reason, under either Fed.Ev.Rule 803(24) or 804(b)(5).

■ The question remaining is whether they can be offered under Fed.Ev.Rule 804(b)(1), as "testimony given as a witness at another hearing of the same . . . proceeding . . . if the party against whom the testimony is now offered . . had an opportunity and similar motive to develop the testimony by direct . . . examination".

Under the circumstances of this case, and without in any way implying any broad or general rule applicable in all instances, the court is satisfied that a defendant here may offer in evidence the Grand Jury testimony in question. It may be true that the Grand Jury proceeding dealt with more than the subject-matter of the present indictment and that, in fact, it may be continuing even now into other aspects. Even so, that much of it as dealt with the present indictment must be recognized as being "another hearing of the same . . . proceeding", because the hearsay would be offered against the United States, the same party which had an opportunity and similar motive to develop the testimony by direct examination.[1]

■ In fact, when a witness inculpates an accused before the Grand Jury, and then testifies differently at trial, the Grand Jury testimony may be offered by the United States as part of its evidence in chief. Such a statement is not hearsay, under Fed.Ev. Rule 801(d)(1)(A), so long as the witness testifies at trial and is available for cross-examination.

However, while a defendant may offer the Grand Jury testimony under Fed.Ev. Rule 804(b)(1), the court does not now rule on admissibility. That is a matter to be

1. Since the witnesses are, at this stage, "unavailable", this ruling also tends to satisfy the 6th Amendment right to the compulsory proc-

ess of the court, to the extent that it can be satisfied at all. See, *U. S. v. Driscoll*, 445 F.Supp. 864 (D.N.J., 1978).

decided when the offer in evidence is made, and may be controlled by considerations not now known. All the court decides now is that by reason of the exception noted, the prior testimony is not barred on the ground that it is hearsay, under Fed.Ev.Rule 802.

Further, it is noted that the court makes no ruling now on the potential application of Fed.Ev.Rule 106, in the event only part of the prior testimony be offered, or of Fed.Ev.Rule 806, dealing with the credibility of a hearsay declarant, or of any other applicable law.