S. MICHAEL CARUANA AND SANDRA J. CARUANA, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Caruana v. Commissioner
Docket No. 7087-77.
United States Tax Court
T.C. Memo 1983-507; 1983 Tax Ct. Memo LEXIS 279; 46 T.C.M. (CCH) 1168; T.C.M. (RIA) 83507; August 22, 1983. Martin G. Weinberg, for the petitioners. Pamela V. Gibson, for the respondent. FEATHERSTON
MEMORANDUM FINDINGS OF FACT AND OPINION FEATHERSTON, Judge: Respondent determined that petitioner S. Michael Caruana was liable for deficiencies in his Federal income tax and for additions to tax as follows: Additions to Tax
Sec. 6653(b),
Sec. 6654(a),
Sec. 6653(a),
Year
Deficiency
I.R.C. 1954
I.R.C. 1954
I.R.C. 1954
1965
$610.87
$305.44
$17.10
1966
752.99
376.50
21.09
1967
1,287.86
643.93
41.22
1968
1,341.33
670.67
42.92
1969
39,251.52
19,625.76
1,256.08
1970
2,649.00
1,324.50
84.77
1974
903.00
$45.15
*280 Petitioners S. Michael Caruana and Sandra J. Caruana were married during the years 1971 through 1973 and filed joint Federal income tax returns for those years. Respondent determined that petitioners were liable for deficiencies in their joint Federal income tax and additions to tax for those years as follows: Additions to Tax
Sec. 6653(b),
Liability of Sandra J. Caruana
Year
Deficiency
I.R.C. 1954
limited to sec. 6653(a), I.R.C. 1954
1971
$632.39
$316.20
1972
372.20
0
$18.61
1973
414.65
0
20.73
All matters originally at issue have been resolved by agreement between the parties except the ones relating to 1969 [1]. The only questions remaining for us to decide are: 1. Whether petitioner S. Michael Caruana had nontaxable sources of funds not taken into account by respondent in reconstructing his income for 1969 under the cash expenditures method; and 2. Whether petitioner S. Michael Caruana is liable for an addition to tax for 1969 under section 6654(a). [2]
*281 FINDINGS OF FACT Petitioner S. Michael Caruana (hereinafter petitioner) filed no Federal income tax return for 1969. At the time the petition in this case was filed, petitioner resided in Peabody, Massachusetts. In addition to failing to file a tax return for 1969, petitioner failed to maintain books or records of his income-producing activities for that year. Respondent, using the cash expenditures method of reconstructing income, determined that petitioner's taxable income for 1969 was $70,005.95 and computed a tax thereon in the amount of $39,251.52. Petitioner does not dispute the applicability of the cash expenditures method to his case. In his petition, however, he alleges that respondent's computation was incorrect in these respects: (1) It failed to take into account as a nontaxable source of funds loans totaling $48,000 which petitioner had allegedly received from Marvin Karger (hereinafter Karger); (2) it counted an expenditure of $10,000 twice; and (3) it failed to take into account as a nontaxable source of funds a loan of $6,000 which petitioner had allegedly received from Jerry Zullo (hereinafter Zullo). In 1970, Karger pleaded guilty in the United States *282 District Court for the District of Massachusetts to 18 counts charging him with the receipt and disposal of securities moving in interstate commerce, knowing them to have been stolen.He received a prison sentence of 12 years. On February 13, 1975, Karger testified before a Federal Grand Jury which was investigating whether petitioner had understated his income for 1969 with criminal intent. [3] The admissibility of this testimony into evidence in the present case, and the substance of the testimony, are discussed below. OPINION Respondent reconstructed petitioner's taxable income for 1969 using the cash expenditures method.This method is also known as the source and application of funds method. As this Court previously stated: This method is based on the assumption that the amount by which a taxpayer's application of funds during a taxable period exceeds *283 his reported sources of funds for that same period has, absent some explanation by the taxpayer, taxable origins. As explanation the taxpayer may show that the difference between the total application funds and the total reported source of funds is attributable to such nontaxable items as loans, gifts, inheritances, or assets on hand at the beginning of the taxable period. Troncelliti v. Commissioner,T.C. Memo 1971-72. Petitioner concedes that this is a proper method by which to reconstruct his income, but alleges that respondent's computation is incorrect in the three respects listed in our Findings of Fact, above--the omission of the alleged loans from Karger, the alleged doubleinclusion of a $10,000 expenditure, and the omission of an alleged loan from Zullo. The burden is on petitioner to prove that respondent's determination is incorrect. Welch v. Helvering,290 U.S. 111 (1933); Rule 142(a), Tax Court Rules of Practice and Procedure.
The only evidence offered by petitioner in support of his contention that he received loans from Marvin Karger in 1969 is a transcript of Karger's testimony on February 13, 1975, before a Federal Grand Jury *284 investigating whether petitioner had understated his income for 1969 with criminal intent. [4] Respondent, while he concedes the authenticity of the transcript, argues that it "[is] not evidence." Respondent has not explained why he believes the transcript does not constitute evidence, but we understand that his objection is that Karger's Grand Jury testimony is hearsay. Rule 801(c) of the Federal Rules of Evidence defines hearsay as follows: (c) Hearsay. "Hearsay" is a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted. Rule 802 of the Federal Rules of Evidence provides as follows: Hearsay is not admissible except as provided by these rules or by other rules prescribed by the Supreme *285 Court pursuant to statutory authority or by Act of Congress. Petitioner argues that, notwithstanding the general rule of nonadmissibility of hearsay evidence, the transcript is admissible under the exception contained in Rule 804(b)(1) of the Federal Rules of Evidence, dealing with former testimony. The rule provides as follows: (b) Hearsay exceptions. The following are not excluded by the hearsay rule if the declarant is unavailable as a witness: (1) Former testimony.Testimony given as a witness at another hearing of the same or a different proceeding, or in a deposition taken in compliance with law in the course of the same or another proceeding, if the party against whom the testimony is now offered, or, in a civil action or proceeding, a predecessor in interest, had an opportunity and similar motive to develop the testimony by direct, cross, or redirect examination. In order for the exception to apply the declarant must be unavailable as a witness. Karger, the declarant, was deposed by the parties in the present case, but he refused to answer any questions concerning his relationship with petitioner and the purported loans, relying *286 on his Fifth Amendment privilege against self-incrimination. By an order of this Court dated April 11, 1983, Karger's deposition was made part of the record in this case. In those circumstances, Karger is unavailable to petitioner as a witness. Rule 804(a)(1), Federal Rules of Evidence; [5]United States v. Thomas,571 F.2d 285, 288 (5th Cir. 1978). *287 Karger's testimony before the Grand Jury is, within the terms of Rule 804(b)(1), Federal Rules of Evidence, "[t]estimony given as a witness at another hearing of the same or a different proceeding." In addition, the U.S. Department of Justice, the Government's representative before the Grand Jury, which indicted petitioner for income tax evasion under section 7201, is a "predecessor in interest" of the Commissioner of Internal Revenue who here alleges that part of the underpayment in the present case was due to fraud. See In Re Master Key AntitrustLitigation,72 F.R.D. 108 (D. Conn. 1976), in which the court held that the United States, the plaintiff in a prior Federal antitrust action, was the predecessor in interest, for purposes of Rule 804(b)(1), Federal Rules of Evicence, of the plaintiffs in a private antitrust action. The existence of the "predecessor in interest" relationship is even clearer in the present case, concerning two Federal agencies, than in the Master Key case concerning a Federal agency and private plaintiffs. [6]
*288 There is a question, however, as to whether the Department of Justice had "a similar motive" within the meaning of Rule 804(b)(1), Federal Rules of Evidence, to develop Karger's testimony before the Grand Jury by "direct, cross, or redirect examination" as the Commissioner has in the instant case. Karger was called as a witness on behalf of the Government in the Grand Jury proceeding, and the question of petitioner's nontaxable sources of funds was relevant in that proceeding as it is in the present case. The problem is the investigative, rather than the adversary, nature of a Grand Jury proceeding. A Government attorney does not necessarily cross-examine a Grand Jury witness in the same way he would in a trial unless testimony is adverse to the Government [7]. An examination of Karger's testimony before the Grand Jury which indicted petitioner, for example, reveals that he was permitted to give testimony which, if accepted as true, would have exculpated petitioner to a large extent, but the Assistant United States Attorney pressed him for no details. Nonetheless, that Grand Jury returned the indictment. The trial record here does not show *289 the context in which Karger gave that testimony. *290 As indicated in the citations of cases in the material quoted in footnote 7, supra, the district and appellate courts are struggling with the question of the admissibility of Grand Jury testimony of an unavailable witness. We need not decide the issue here. [8] Even if we took Karger's testimony before the Grand Jury into account, we would still conclude that petitioner had failed to carry his burden of proving respondent's determination incorrect. Karger's credibility is undermined by his felony conviction. Furthermore, even if Karger's testimony is taken at face value, it will only partially support petitioner's contention that Karger loaned him $48,000. While Karger testified that he gave petitioner various amounts totaling $47,500 during 1969, he emphasized that $25,000 of the total was not given to petitioner as a loan, but for safekeeping in a fireproof hiding place in petitioner's house. Petitioner apparently appropriated these funds to his own use. Therefore, *291 if Karger's testimony is to be believed, the $25,000 was an illegal gain constituting gross income to petitioner, not a nontaxable source of funds. James v. United States,366 U.S. 213, 219 (1961); Rutkin v. United States,343 U.S. 130, 137 (1952); sec. 1.61-14(a), Income Tax Regs.
In addition, petitioner did not testify under oath that he received loans from Karger. In fact, he did not testify at all. [9] "The failure of a party to introduce evidence within his possession and which, if true, would be favorable to him, gives rise to the presumption that if produced it would be unfavorable." Wichita Terminal Elevator Co. v. Commissioner,6 T.C. 1158, 1165 (1946), affd. 162 F.2d 513 (10th Cir. 1947). Thus, the situation is that petitioner is unwilling to support with his own sworn testimony his allegation that he received loans from Karger in 1969, and Karger now refuses to reaffirm his Grand Jury statement on grounds of privilege against self-incrimination. We conclude that Karger's Grand Jury testimony, whether admissible or not, is not convincing and that petitioner has failed to prove that he received the alleged *292 loans from Karger. Petitioner has introduced no evidence with respect to the other two alleged defects in respondent's computation, the double counting of the $10,000 expenditure and the omission of the $6,000 loan from Zullo. He has also introduced no evidence with respect to the mandatory addition to tax determined by respondent under section 6654(a). We hold for respondent with respect to these issues. To reflect the foregoing and other issues resolved by agreement between the parties, Decision will be entered under Rule 155.
Footnotes
1. Petitioner S. Michael Caruana has further agreed that he is liable for an addition to tax for 1969 under sec. 6653(b), computed as a percentage of the deficiency which the Court finds to be owing. ↩
2. All section references are to the Internal Revenue Code of 1954, as in effect during the tax years in issue, unless otherwise noted.↩
3. The Grand Jury subsequently indicted petitioner on charges of willfully and knowingly attempting to evade the income tax he knew to be owing for 1969, as well as for other years, in violation of sec. 7201. Petitioner pleaded guilty to the charges with respect to 1969 and was sentenced to a prison term of 3 months.↩
4. The parties have informed the Court that the district court has released Karger's testimony pursuant to Rule 6(e), Federal Rules of Criminal Procedure. Cf. United States v. Baggot, 463 U.S.     (1983); United States v. Sells Engineering, Inc.,↩ 463 U.S.     (1983).
5. Rule 804(a)(1) provides as follows: (a) Definition of unavailability. "Unavailability as a witness" includes situations in which the declarant-- (1) is exempted by ruling of the court on the ground of privilege from testifying concerning the subject matter of his statement; * * * In United States v. Mangan,575 F.2d 32, 45 (2d Cir. 1978), the court commented in dictum that the declarant therein concerned was not unavailable within the meaning of Rule 804(a)(1), Federal Rules of Evidence, which, the court stated, "requires a ruling from the court that the desired testimony is privileged." United States v. Mangan,supra at 45, n. 14. In the present case, the Court has not formally ruled on Karger's claim of Fifth Amendment privilege, but that is because we have had no occasion to do so. Respondent has not challenged Karger's claim of privilege. Accordingly, any ruling by this Court on the matter would be superfluous, and the unavailability requirements of Rule 804(a)(1), Federal Rules of Evidence↩, therefore, have been satisfied.
6. Respondent has asserted in his answer in the instant case that-- The respondent herein is a party in privity with the United States of America, the prosecuting party in the aforesaid criminal case in which the petitioner, S. Michael Caruana, was the defendant. The assertion was made as part of an allegation that petitioner was collaterally estopped by the judgment in the criminal case from contesting the addition to tax for fraud under sec. 6653(b).As noted above, the fraud issue has since been resolved by the agreement of the parties. Because we have held that the U.S. Department of Justice was respondent's predecessor in interest, it is unnecessary for us to consider whether the two Government agencies were, in fact, the same "party" for purposes of Rule 804(b)(1), Federal Rules of Evidence.↩
7. In Stephen A. Saltzberg and Kenneth R. Redden, Federal Rules of Evidence Manual (1982), p. 657, it is stated: We do not believe that the grand jury testimony necessarily should be admitted, unless perhaps it can qualify as a declaration against interest or under the residual exception. The reason for this is that a ruling that the government is deemed to have an adequate opportunity to examine witnesses before a grand jury for purposes of Rule 804(b)(1) would require that the government treat the grand jury investigation in every case as if it were a trial. This would greatly extend the proceedings and complicate them more than is necessary. Arguably, it would be good policy for the government to call all witnesses before grand juries and to develop all testimony fully for the benefit of the defense and the prosecution. But this is not the grand jury system as it now exists for federal prosecutions, and such a radical departure from the current system presumably should come from Congress, not from the courts. It is possible, of course, that the grand jury testimony could be admitted as an adoptive admission, depending on what the government's attorney said to the grand jury. Upon a special showing that the government conducted a full grand jury interrogation (perhaps in the hope it could utilize Rule 801(d)(1)(A)), it might be said that Rule 804(b)(1) is satisfied so that the grand jury testimony is admissible against the government. See, e.g., United States v. Henry, 448 F. Supp. 819 (D.N.J. 1978). In United States v. Klauber, 611 F.2d 512 (4th Cir. 1979), cert. denied, 446 U.S. 908↩ (1980) the Court implies that it might follow Driscoll and admit grand jury statements against the government.
8. It is similarly unnecessary for us to rule on petitioner's contention that the testimony is admissible under Rules 803(24) and 804(b)(5) of the Federal Rules of Evidence.↩
9. The following colloquy occurred at the trial of this case: MR. WEINBERG: * * * Mr. Caruana is not present in the Commonwealth of Massachusetts and if present would not testify, your Honor. THE COURT: He would not testify? MR. WEINBERG: That is correct. It is not his absence that causes me to move for a continuance because at present he would not be inclined to affirmatively testify in his own behalf. The motion for continuance here referred to was denied.↩