Donald S. PRAEGER, Jr., Appellant,

v.

Susan Praeger WILSON, Appellee.

No. 2–86–021–CV.

Court of Appeals of Texas,
Fort Worth.

Dec. 11, 1986.

Jones, Parks & Huffman, Billie J. Ticknor (on appeal only), Arlington, for appellant.

Chappell & Handy, P.C., David F. Chappell, D. Gerry Orth and Kathleen J. Miller, Fort Worth, for appellee.

Before FENDER, C.J., and BURDOCK and HILL, JJ.

## OPINION

FENDER, Chief Justice.

Appellant, Donald S. Praeger, Jr., challenges a judgment awarding appellee, Susan Praeger Wilson, a one-fourth interest in a 7.27 acre tract of land as co-tenant in the one-half interest held by them as community property at the time of their divorce. The judgment was based on the trial court's finding that the parties' agreement incident to divorce did not dispose of the one-half interest. Appellant challenges the sufficiency of the evidence to support this award. On cross-appeal, appellee contests the court's finding that the agreement incident to divorce did not dispose of the one-half interest.

We agree with appellee and, accordingly, affirm in part, reverse and render in part, and reverse and remand in part.

Appellant and appellee were married on June 2, 1963. During their marriage, appellant and appellee acquired an interest in a 10.96 acre tract of land. Four of the 10.96 acres were used by appellant and appellee as the site of their kennel business. On March 5, 1976, appellant con-

veyed a one-half interest in the remaining 6.96 acres to appellant's business partner, Tracy Jackson. Thereafter, Jackson and appellant conveyed 2.73 of those 6.96 acres to a third party. No party to this action makes a claim to the 2.73 acre tract of land. The remaining 4.23 acres were referred to as "Tract 1" throughout the trial.

Approximately six months later and while still married to appellee, appellant signed a five-year lease agreement with an option to purchase on a 7.27 acre tract of land adjacent to Tract 1. The 7.27 acre tract was referred to as "Tract 2" throughout the trial. One week later, on September 15, 1976, a one-half interest in the lease/option on Tract 2 was assigned to Jackson. The September 15, 1976 assignment was the only agreement entered into by appellant and Jackson between March 5, 1976 and the granting of divorce to appellee on December 19, 1978.

Appellant and appellee entered into an agreement incident to divorce which was approved by the court and incorporated by reference into the decree of divorce. In this contract signed by the parties on December 18, 1978, the following agreements were made:

It is therefore agreed that Wife shall own, possess and enjoy, free from any claim of Husband, any and all property, property rights, rights and privileges (being and [sic] undivided one-half (½) interest) in and to a certain agreement entered into on the 5th of March, 1976 between Husband and one Tracy Jackson, together with any and all subsequent agreements between said parties. Husband hereby conveys and assigns to Wife all property hereinabove described.

Husband shall own, possess and enjoy, free from any claim of Wife, all of his present interests in and to a certain partnership which has existed since the 10th day of March, 1973 between Husband and Boise Dixon, such partnership business being known as Country Acres Kennels. Wife hereby conveys and assigns to Husband any and all of her interests in said aforementioned partnership.

. . . .

Petitioner hereby agrees and acknowledges that the division of property hereby contemplated, amply provides for the support of both of said children until the youngest shall have reached his eighteenth birthday, and that the property hereby set aside to Wife includes property of a sufficient value to constitute a lump sum payment of his reasonable obligation to contribute to said childrens' support during their minority.

Both appellant and appellee testified that they signed quitclaim deeds at the time of the divorce to effectuate their agreement. Neither party, however, acknowledges having received the signed deeds at that time. Very soon thereafter, appellee moved away from Texas.

Over the next few years appellant remained in possession of and continued to maintain Tracts 1 and 2. During this time, appellant also stayed in very close touch with appellee, often telephoning her twice a week. Appellee testified that during these conversations she repeatedly offered to pay her share of the expenses as to Tract 2. Appellee introduced into evidence a letter dated September 24, 1980 which she sent to appellant in an attempt to clarify her part in exercising the option on Tract 2. A letter, to which appellee received no reply, was sent to Jackson a month earlier for the same purpose. Appellee stated that to each of such inquiries, appellant consistently replied that appellee should not worry because the rental income from Tract 2 was sufficient to cover all the expenses incurred as to Tract 2 and the difference would help pay off the option.

On September 15, 1981, appellant and Jackson exercised the option to purchase Tract 2. They obtained the funds to do so by taking out a loan in the amount of the purchase price. Appellee testified that appellant assured her the rent from Tract 2 would also cover the mortgage payments.

Appellee filed suit on August 15, 1983 against appellant and Jackson to recover her interests in Tracts 1 and 2. In her

second amended original petition, appellee asserted the following causes of action:

1) that appellant turn over to appellee all his interest in Tracts 1 and 2 to satisfy appellee's outstanding judgment as set out in the divorce decree under TEX. REV.CIV.STAT.ANN. art. 3827a (Vernon 1966);[1]

2) that appellant's actions constitute a breach of the contract entered upon divorce, and that appellee is entitled under article 2226 to recover her attorney fees if successful on the breach of contract cause;[2]

3) in the alternative, that under the common law doctrine of inception of title, appellee is a co-tenant in the one-half interests claimed by appellant in both tracts;

4) that the land be partitioned; and

5) that appellant reimburse appellee for her share of all money and benefits received by appellant and Jackson from their control of the land since December 19, 1978, the date of the divorce.

On November 14, 1984, appellant executed a quitclaim deed assigning his one-half interest in Tract 1 to appellee. Jackson's ownership of a one-half interest in both tracts was undisputed. The trial court, therefore, had only to determine the ownership of the remaining one-half interest in Tract 2.

The trial court awarded appellee a one-fourth interest in Tract 2 and attorney fees for services rendered only as to Tract 1. Appellant claims, in twenty-seven points of error, that the evidence is legally and factually insufficient to support this award. In a cross-appeal, appellee urges that the trial court erred in failing to award her the full one-half interest in Tract 2 as agreed under the contract and attorney fees for

services rendered as to Tract 2. We agree with appellee and, therefore, will address her two points of error first.

■ As a general rule, when a contract is unambiguous the court must construe the contract as a matter of law. *See City of Pinehurst v. Spooner Addition Water Co.*, 432 S.W.2d 515, 518 (Tex.1968). Also, where neither party has alleged a contract is ambiguous, or ambiguity is raised for the first time on appeal, construction of the contract is a question of law for the court. *See Community Dev. Ser. v. Replacement Parts Mfg.*, 679 S.W.2d 721, 724 (Tex.App.—Houston [1st Dist.] 1984, no writ); *Sale v. Contran Corporation*, 486 S.W.2d 161, 165 (Tex.Civ. App.—Dallas 1972, writ ref'd n.r.e.). An instrument is not ambiguous simply because the parties disagree over its interpretation. *See Sun Oil Co. (Delaware) v. Madeley*, 626 S.W.2d 726, 727 (Tex.1981); *Maxwell v. Lake*, 674 S.W.2d 795, 801 (Tex. App.—Dallas 1984, no writ).

In the present case, appellant and appellee disagree on the contract's interpretation. Neither party, however, claimed the contract is ambiguous during the trial below. Appellant raises this argument for the first time in his reply brief after stating in his original appellate brief that the contract is unambiguous. Therefore, we will construe the contract as a matter of law. *See Community Dev. Ser.*, 679 S.W.2d at 724; *Sale*, 486 S.W.2d at 165.

■ In construing a contract, the court must give effect to the objective intent of the parties as expressed or apparent in the writing. *See Westwind Exploration v. Homestate Sav. Ass'n*, 696 S.W.2d 378, 382 (Tex.1985); *City of Pinehurst*, 432

---

1. At the time appellee filed her petition article 3827a was operative. At the time of trial, however, this statute had been recodified without substantive change. *See* Act of June 13, 1979, ch. 671, sec. 1, 1979 Tex.Gen.Laws 1555, 1555, *repealed by* Act of June 16, 1985, ch. 959, sec. 9(1), 1985 Tex.Gen.Laws 3242, 3322, *recodified at* TEX.CIV.PRAC. & REM. CODE ANN. sec. 31.002 (Vernon 1986).

2. This statute had also been recodified without substantive change by the time of trial. *See* Act of June 6, 1979, ch. 314, sec. 1, 1979 Tex.Gen. Laws 718, 718, *repealed by* Act of June 16, 1985, ch. 959, sec. 9(1), 1985 Tex.Gen.Laws 3242, 3322, *recodified at* TEX.CIV.PRAC. & REM. CODE ANN. sec. 38.001 (Vernon 1986). We will cite the present codification throughout this opinion.

S.W.2d at 518; *McMahon v. Christmann*, 157 Tex. 403, 303 S.W.2d 341, 344 (1957). In doing so the court must recognize that the parties to a writing will not include a clause in the writing unless they intend it to have some effect. *See Westwind*, 696 S.W.2d at 382; *City of Pinehurst*, 432 S.W.2d at 518. A construction of the writing which renders a clause meaningless is unreasonable and, therefore, is not preferred by the court. *See Westwind*, 696 S.W.2d at 382; *Portland Gasoline Co. v. Superior Marketing Co.*, 150 Tex. 533, 243 S.W.2d 823, 824 (1951).

■ When construing a contract, the language of the instrument must be given its ordinary meaning in light of the surrounding circumstances. *See City of Pinehurst*, 432 S.W.2d at 519; *Glenn v. Gidel*, 496 S.W.2d 692, 702 (Tex.Civ.App.—Amarillo 1973, no writ). If one party's construction of the writing would require the insertion of a qualifying phrase, the court will refrain from making such an addition when doing so would alter the ordinary meaning of the writing. *See id.*

Appellant contends that the contract in this case does not dispose of the one-half interest in Tract 2. He argues further, and for the first time on appeal, that the contract is ambiguous because it is unqualified and would encompass any and all agreements entered into between himself and Jackson after March 5, 1976, whether executed before or after the divorce. Appellant urges this court to add the qualifying phrase "covering Tract 1" to the phrase "together with any and all subsequent agreements between [appellant and Jackson]." This addition would, without doubt, exclude any interest in Tract 2 from the agreement.

■ We do not agree with appellant's construction of the contract. If the parties had intended to restrict the phrase "any and all subsequent agreements" to agreements "covering Tract 1" it would have been an easy matter to include such a phrase in the contract. Addition of this phrase after the fact alters the ordinary meaning of the clause which is *"any and*

*all* subsequent agreements between said parties." [Emphasis added.]

Furthermore, there is only one reasonable construction of the contract which gives meaning to every clause in the writing. Appellant testified that the agreement of September 15, 1976, under which appellant held a one-half interest in a lease/option agreement on Tract 2, falls within the language of the contract with which he agrees to give appellee all his rights held under "a certain agreement entered into on the 5th of March, 1976 between Husband and one Tracy Jackson, together with any and all subsequent agreements between said parties." He also testified this agreement as to Tract 2 was the only agreement he and Jackson executed between March 5, 1976 and the date the agreement incident to divorce was signed. Under these circumstances, unless the phrase "together with any and all subsequent agreements between said parties" refers to the September 15, 1976 agreement, the phrase has no meaning at all. We hold, therefore, that the contract does dispose of the one-half interest in Tract 2 as the only reasonable interpretation of the contract giving meaning to every clause in the writing. Appellee's first crosspoint is sustained.

In appellee's second crosspoint, she claims entitlement to an award of attorney fees for services rendered as to Tract 2. Her claim is based on article 38.001 of the Texas Civil Practice and Remedies Code which says:

A person may recover reasonable attorney's fees from an individual or corporation, in addition to the amount of a valid claim and costs, if the claim is for:

. . . .

(8) an oral or written contract.

TEX.CIV.PRAC. & REM.CODE ANN. sec. 38.001.

■ In light of our holding that appellee is entitled to recover on her breach of contract claim, she is also entitled to recover reasonable attorney fees. *See Behring Intern. v. Greater Houston Bank*, 662

S.W.2d 642, 652 (Tex.App.—Houston [1st Dist.] 1983, writ dism'd by agr.); TEX.CIV. PRAC. & REM. CODE ANN. sec. 38.001. Although the testimony of appellee's attorney as to the reasonable fee for services rendered as to Tract 2 is undisputed, this court may not determine the amount to be awarded. *See Behring,* 662 S.W.2d 652. We must remand this severable portion of the case to the trial court so that it may determine the amount of attorney fees to be awarded for services rendered as to Tract 2. *See id.* Appellee's second cross-point is sustained. We now turn to appellant's points of error.

■■■ In a trial to the court where no findings of fact or conclusions of law are filed or requested, the judgment of the trial court implies all necessary findings of fact in support thereof. *See In the Interest of W.E.R.,* 669 S.W.2d 716, 717 (Tex.1984) (per curiam); *Burnett v. Motyka,* 610 S.W.2d 735, 736 (Tex.1980) (per curiam). An appellant may challenge these implied findings by raising both legal and factual sufficiency of the evidence points, and where such points are raised, the standard of review to be applied is the same as that to be applied in the review of jury findings or a trial court's findings of fact. *See Burnett,* 610 S.W.2d at 736. In the present case appellant raises twenty-seven points of error challenging the legal and factual sufficiency of the evidence.

Several of appellant's contentions are answered by this court's construction as a matter of law of the agreement incident to divorce. Appellant argues, in points of error one and two, that the evidence is insufficient to support a finding that the contract in question disposed of any interest in Tract 2. In points of error ten through thirteen, appellant challenges the court's implied finding that he and appellee held the interest in Tract 2 as co-tenants after their divorce. Points of error sixteen through nineteen ask whether appellee abandoned her interest in Tract 2 held as a co-tenant by failing to tender one-fourth of the purchase price at the time the option was exercised.

We have held that the agreement incident to divorce does dispose of the interest in Tract 2 by awarding it to appellee. Appellee and appellant, therefore, were not co-tenants in the property and the abandonment question need not be considered. Each of these contentions are overruled.

■■ Appellant's third point of error addresses the question of whether the evidence establishes as a matter of law that the contract does not dispose of the interest in Tract 2 because it violates the statute of frauds. A statute of frauds defense must be affirmatively pleaded or it is waived. *See First National Bank in Dallas v. Zimmerman,* 442 S.W.2d 674, 677 (Tex.1969); *Mann v. Fender,* 587 S.W.2d 188, 198 (Tex.Civ.App.—Waco 1979, writ ref'd n.r.e.); TEX.R.CIV.P. 94. Appellant failed to plead this defense so it is waived. Appellant's third point of error is overruled.

The remainder of appellant's points concern issues neither contained in appellant's pleading nor argued in the trial court. Appellant argues: 1) that an option is not property to which community rights will attach; 2) that title to Tract 2 did not incept until after the parties' divorce; 3) that the interest in Tract 2 constitutes a community debt rather than a community asset; 4) that no trust arrangement in favor of appellee exists as to the interest in Tract 2; and 5) that the interest in Tract 2 is partnership property. An issue raised for the first time on appeal will not be considered. *See State of Cal. Dept. of M. Hyg. v. Bank of S.W. Nat. Ass'n,* 163 Tex. 314, 354 S.W.2d 576, 581 (1962); *cf. Pirtle v. Gregory,* 629 S.W.2d 919, 920 (Tex.1982) (per curiam). Appellant's points of error three through nine, fourteen, fifteen, and twenty through twenty-two are overruled.

Appellant also contends the issue of the existence of a partnership between himself and Jackson for the ownership of Tract 2 was tried both by express and implied consent of the parties. *See* TEX.R.CIV.P. 67. Appellant does not point out, and we do not

find evidence of, appellee's express consent to try this issue.

 Likewise, we do not find any indication that the issue was tried by implied consent. The doctrine of implied consent is limited to the exceptional case in which it clearly appears from the record as a whole that the parties tried the unpleaded issue. *See Harrison v. City of San Antonio*, 695 S.W.2d 271, 278 (Tex.App.—San Antonio 1985, no writ); *Jay Fikes and Associates v. Walton*, 578 S.W.2d 885, 889 (Tex.Civ.App.—Amarillo 1979, writ ref'd n.r.e.). This doctrine is not invoked where the issue has not been fully developed and the evidence said to support the issue is relevant to other issues raised by the pleadings. *See Harrison*, 695 S.W.2d at 277–78; *Wendell v. Central Power and Light Co.*, 677 S.W.2d 610, 617 (Tex.App.—Corpus Christi 1984, writ ref'd n.r.e.).

After reviewing the record as a whole it is not clear that the parties tried this unpleaded and unargued issue. The evidence which appellant claims supports the issue is clearly relevant to the pleaded issue concerning whether the agreement incident to divorce disposed of the interest in Tract 2. We hold the issue of the existence of a partnership between appellant and Jackson for the ownership of Tract 2 was not tried by implied consent. Appellant's points of error twenty-three through twenty-seven are overruled.

The portion of the judgment awarding appellee a one-fourth undivided interest in the property known throughout the trial as Tract 2 is reversed. Judgment is rendered that appellee take a one-half undivided interest in Tract 2 as described in the trial court's judgment. The portion of the cause of action concerning attorney fees for services rendered in connection with Tract 2 is severed and this issue is remanded to the trial court for determination of a reasonable award. The portion of the judgment awarding attorney fees for services rendered as to Tract 1 is affirmed.