Quebe v. Mooney 



TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-96-00319-CV







Michael Quebe and Kathryn Quebe, Appellants



v.



Vivienne Mooney, Appellee







FROM THE DISTRICT COURT OF WILLIAMSON COUNTY, 277TH JUDICIAL

DISTRICT

NO. 94-282-C277, HONORABLE JOHN R. CARTER, JUDGE PRESIDING








 Michael and Kathryn Quebe, appellants, sued Vivienne Mooney, appellee, seeking a
judgment declaring the parties' rights under an agreement by which they had settled an earlier dispute. The
trial court rendered summary judgment in favor of Mooney and awarded attorney's fees. In three points
of error, the Quebes contend that the trial court erred by ruling that (1) the agreement was unambiguous,
(2) there were no genuine issues of material fact as to the interpretation of the agreement, and (3) there
were no genuine issues of material fact as to the reasonableness of the Quebes' attorney's fees. We will
affirm the summary judgment.



FACTUAL AND PROCEDURAL BACKGROUND


 In order to resolve an adversary proceeding brought by Mooney while the Quebes were
under bankruptcy protection, the Quebes and Mooney entered into a Compromise and Settlement
Agreement ("Agreement") dated July 9, 1992. Mooney had brought the action after the Quebes defaulted
on an obligation arising out of the Quebes' purchase of Mooney's furniture business. The Agreement called
for the payment of a total of $120,000.00 in monthly payments and included as security, first, property
under the sole or joint control of Michael Quebe and, second, property under the control of Kathryn
Quebe. The Agreement also stated:



The Plaintiff [Mooney] may abstract the judgment, but will not otherwise attempt to
execute on the judgment; provided however, if at any time the Defendants [the Quebes]
are 60 days past due on any payment, Plaintiff may execute on the entire judgment. If
Defendants make three or more payments in any calendar year after the expiration of the
grace period for each of those payments, then Plaintiff may execute on the entire judgment. 
If Plaintiff is entitled to execute upon the judgment, such execution shall first be against
property under the sole or joint control of Michael Quebe. If there is insufficient property
under the sole or joint control of Michael Quebe which is subject to execution for
satisfaction of the judgment, then and only then will Plaintiff execute against the property
under the control of Kathryn Quebe.



 In February 1994, Kathryn Quebe attempted to sell property she held under her maiden
name, Kathryn Chunn. The Quebes were not in default under the Agreement. Because of the judgment
lien abstracted on this property as a result of the Agreement, the title company refused to insure the title
for transfer. After subsequent negotiations, Mooney agreed to release the lien against the property in
question for $8,000.00, which the Quebes then paid to Mooney. One month later, the Quebes filed this
suit for declaratory judgment, asserting that the Agreement does not permit Mooney to demand that the
Quebes pay her before she will sign a release for property that is subject to Mooney's abstract of judgment,
and that such a demand effectively constitutes a prohibited execution on the judgment.

 The trial court granted summary judgment for Mooney, concluding that the language of the
Agreement did not require Mooney to release her judgment lien upon demand by the Quebes without
consideration or without payment of the judgment abstracted. The summary judgment also ordered
payment of $8,000.00 by the Quebes to Mooney as reasonable attorney's fees.



DISCUSSION


 In their first two points of error, the Quebes contend that the trial court erred by ruling that
the Agreement unambiguously permitted Mooney to demand payment for release of the judgment lien on
Kathryn Quebe's property. The Quebes assert that such a demand is the equivalent of an execution on the
judgment. Under the Agreement, execution on the judgment is permitted only upon default by the Quebes,
an event that had not occurred. Because of this question, the Quebes contend that there is ambiguity as
to the meaning of the phrase "execute on the judgment" and present several dictionary definitions of the
phrase. They also present affidavits from Mr. Quebe and the attorney representing the Quebes in making
the Agreement regarding their understanding of the phrase "execute on the judgment" and its use in the
Agreement.

 Focusing on the definition of "execute on the judgment" is inconsequential here, because
Mooney has not sought to execute on the judgment. The Quebes have confused the rights granted to
Mooney by the Agreement. One right is to execute on the judgment upon default, and the other is merely
to abstract the judgment. Mooney exercised only the latter right. The Agreement does not qualify the right
to abstract the judgment. Nor is there any requirement that the judgment lien be removed before the
judgment has been fully satisfied. The construction of the Agreement sought by the Quebes would allow
them to demand release of the judgment lien any time they desired to sell part of the property that was
pledged as security under the Agreement, as long as they were not then in default. This would have the
effect of allowing the Quebes, at their discretion, to completely destroy any benefit that Mooney could gain
by virtue of her right to abstract the judgment. We reject this construction.

 When construing a contract, the language must be given its ordinary meaning in light of
surrounding circumstances. Praeger v. Wilson, 721 S.W.2d 597, 601 (Tex. App.Fort Worth 1986,
writ ref'd n.r.e.). A trial court should not add qualifying language to a contract that would alter the ordinary
meaning of the writing. Id. Here, the Quebes' interpretation would change the ordinary meaning of the right
to abstract the judgment by qualifying that right where no such qualification appears in the contract. The
trial court correctly rejected such a construction.

 Mooney may not demand full or partial payment of the judgment before it is due, but
likewise is not required to remove the abstract before she is paid in full. However, Mooney had the right
to release the lien on the property without having obtained full satisfaction. See Rutherford v. Watson, 52
S.W.2d 85, 89 (Tex. Civ. App.--Fort Worth 1932, writ ref'd) (holding that release was supported by
sufficient consideration). The agreement between the Quebes and Mooney was not a premature execution
on the judgment, but rather an agreement to release the valid judgment lien on property owned by Kathryn
Quebe in exchange for valuable consideration. A contract is not ambiguous if it is so worded that a court
may give it a definite legal meaning. Universal C. I. T. Credit Corp. v. Daniel, 243 S.W.2d 154, 157
(Tex. 1951). The trial court easily distinguished between the rights of abstracting the judgment and
executing on the judgment, giving each a definite legal meaning. Points of error one and two are overruled.

 In their third point of error, the Quebes challenge the attorney's fees granted by the trial
court. The Quebes contend that the affidavit in support of summary judgment presented by Mooney's
attorney, Donna Brown, presents conclusory and unsubstantiated testimony as to the reasonableness of the
fees. Brown's affidavit is accompanied, however, by eighteen pages of time and billing records. The
Quebes filed an objection to the attorney's fees, but offered no evidence to controvert Brown's affidavit. 
Even the Quebes' attorney did not present an affidavit of his opinion on the requested fees.

 While uncontroverted testimony of an interested witness normally does no more than create
a fact issue, there is an exception if the evidence is clear, positive, and direct, otherwise credible, free from
contradictions and inconsistencies, and could have been readily controverted. Tex. R. Civ. P. 166a(c). 
The affidavit of an interested witness can support summary judgment if it meets the requirement of rule
166a(c). Anderson v. Snider, 808 S.W.2d 54, 55 (Tex. 1991). Brown's affidavit, along with the eighteen
pages of billing information, satisfies the requirements of rule 166a(c) and thus supports the summary
judgment.

 If an interested expert witness presents legally sufficient evidence in support of a motion
for summary judgment, the opposing party must produce other expert testimony to controvert the claims. 
Id. In the present case, although an objection to the motion was made, the Quebes presented no evidence
controverting Brown's testimony. Because the summary-judgment evidence is uncontroverted and is
sufficient to support the judgment, we overrule point of error three.


CONCLUSION


 Having overruled all of the Quebes' points of error, we affirm the trial court's summary
judgment.



 J. Woodfin Jones, Justice

Before Justices Powers, Aboussie and Jones

Affirmed

Filed: October 30, 1996

Do Not Publish



een fully satisfied. The construction of the Agreement sought by the Quebes would allow
them to demand release of the judgment lien any time they desired to sell part of the property that was
pledged as security under the Agreement, as long as they were not then in default. This would have the
effect of allowing the Quebes, at their discretion, to completely destroy any benefit that Mooney could gain
by virtue of her right to abstract the judgment. We reject this construction.

 When construing a contract, the language must be given its ordinary meaning in light of
surrounding circumstances. Praeger v. Wilson, 721 S.W.2d 597, 601 (Tex. App.Fort Worth 1986,
writ ref'd n.r.e.). A trial court should not add qualifying language to a contract that would alter the ordinary
meaning of the writing. Id. Here, the Quebes' interpretation would change the ordinary meaning of the right
to abstract the judgment by qualifying that right where no such qualification appears in the contract. The
trial court correctly rejected such a construction.

 Mooney may not demand full or partial payment of the judgment before it is due, but
likewise is not required to remove the abstract before she is paid in full. However, Mooney had the right
to release the lien on the property without having obtained full satisfaction. See Rutherford v. Watson, 52
S.W.2d 85, 89 (Tex. Civ. App.--Fort Worth 1932, writ ref'd) (holding that release was supported by
sufficient consideration). The agreement between the Quebes and Mooney was not a premature execution
on the judgment, but rather an agreement to release the valid judgment lien on property owned by Kathryn
Quebe in exchange for valuable consideration. A contract is not ambiguous if it is so worded that a court
may give it a definite legal meaning. Universal C. I. T. Credit Corp. v. Daniel, 243 S.W.2d 154, 157
(Tex. 1951). The trial court easily distinguished between the rights of abstracting the judgment and
executing on the judgment, giving each a definite legal meaning. Points of error one and two are overruled.

 In their third point of error, the Quebes challenge the attorney's fees granted by the trial
court. The Quebes contend that the affidavit in support of summary judgment presented by Mooney's
attorney, Donna Brown, presents conclusory and unsubstantiated testimony as to the reasonableness of the
fees. Brown's affidavit is accompanied, however, by eighteen pages of time and billing records. The
Quebes filed an objection to the attorney's fees, but offered no evidence to controvert Brown's affidavit. 
Even the Quebes' attorney did not present an affidavit of