COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

LINDA SIMS, §

              Appellant, §

v. §

JOHN MICHAEL CRUZ, JOSE H.
CRUZ, AND GRAPEVINE CHRYSLER §
JEEP DODGE, INC.,

              Appellees. §

No. 08-10-00126-CV

Appeal from the

348th Judicial District Court

of Tarrant County, Texas

(TC# 348-224639-07)

§

§

§

§

§

**O P I N I O N**

Ms. Linda Sims appeals from a take-nothing summary judgment entered in favor of
Grapevine Chrysler Jeep Dodge, Inc., ("Grapevine). She raises four issues, challenging the
merits of the summary judgment, and arguing that a subsequent dismissal order does not bar this
Court's review.

Ms. Sims was riding her bicycle on June 24, 2007, when she was struck by a pick up
truck driven by Mr. John Michael Cruz. The collision occurred at approximately 8:30 a.m.
Mr. Cruz, a Grapevine technician, worked the night shift from 7 p.m. June 23, until
approximately 5 a.m. June 24. Prior to his shift, Mr. Cruz purchased and smoked marijuana.
During his mid-shift break he left the dealership to purchase beer, which he drank in the
dealership parking lot with other Grapevine employees after his shift. Mr. Cruz left the
dealership shortly before 8:30 a.m., and struck Ms. Sims a few minutes later at a nearby
intersection.

Ms. Sims filed suit against Mr. Cruz and his employer on June 25, 2007. In her Eighth

Amended Petition filed October 6, 2008, Ms. Sims asserted claims for negligence and gross negligence and negligence per se against Mr. Cruz, as well as claims for negligence and gross negligence against Mr. Cruz's father, Jose H. Cruz.[1] Ms. Sims also alleged that Grapevine was vicariously liable for the negligent conduct of its employees, and was independently negligent, grossly negligent, and negligent per se on several bases.

Grapevine filed its first motion for summary judgment on both traditional and no-evidence grounds on August 5, 2008. Ms. Sims filed her first summary judgment response on September 5, 2008. Pursuant to a Rule 11 agreement, the trial court granted Ms. Sims' motion to supplement her response by a letter ruling dated September 22, 2008. In the same letter ruling, the trial court granted partial summary judgment for Grapevine on Ms. Sims' claims for "conspiracy, as well as negligent hiring, training and supervision of [Grapevine's employees]." The trial court denied Grapevine's motion as to Ms. Sims' remaining claims.

Grapevine filed its second hybrid motion for summary judgment, seeking judgment on Ms. Sims' remaining claims on October 6, 2008. Grapevine amended its second motion on October 17, 2008. The record does not contain a response by Ms. Sims to either the motion or the amendment. The motion remained pending until it was reasserted by Grapevine on the basis that Ms. Sims failed to file a response during a pretrial hearing on December 8, 2009. The trial court granted Ms. Sims' request to file a late response during the hearing, but also orally granted Grapevine's motion, and proceeded to hear argument on motions related to those claims. The trial court issued its written order granting Grapevine's second summary judgment motion later

---

[1] Mr. Jose H. Cruz owned the vehicle Mr. Cruz was driving when he struck Ms. Sims.

that same day.[2]

After excusing Grapevine from the proceedings, the trial court proceeded to hear argument on motions pending in Ms. Sims' remaining claims against Mr. Cruz. During the hearing Ms. Sims and Mr. Cruz reached a settlement agreement in which Ms. Sims agreed to release Mr. Cruz in exchange for approximately $27,500, including insurance proceeds and an individual payment by Mr. Cruz. On December 31, 2009, the trial court entered the following "ORDER OF DISMISSAL WITH PREJUDICE:"

> Be it remembered on the date written below came on to be considered the above-numbered and entitled cause, and came the parties, by and through their counsel of record, and announced to the Court that all matters in controversy and dispute had been compromised and settled, and that this case should be dismissed with prejudice and that taxable court costs be taxed against the party incurring same; and

> **ACCORDINGLY, IT IS ORDERED, ADJUDGED AND DECREED** that this case be, and it is hereby in its entirety dismissed with prejudice as to its refiling and if any court costs are outstanding the same are taxed against the party incurring same.

> SIGNED this 31st day of December, 2009.

The order was signed "AGREED" by both Mr. Cruz's and Ms. Sims' attorney.

In a motion for new trial filed January 8, 2010, Ms. Sims argued the trial court's order granting Grapevine's second motion for summary judgment was in error.[3] Grapevine responded,

---

[2] Although neither the parties nor the trial judge referred to it during the hearing, the record includes a "Ninth Amended Petition" which appears to have been filed less than half an hour before the hearing began on December 8. In this final "amendment," Ms. Sims omitted her vicarious liability claims against Grapevine, and alleging only the independent negligence grounds asserted in her eighth amended petition.

[3] Ms. Sims' motion did not address the dismissal order, and there is no record of a severance or motion to sever the case against Grapevine from the case against Mr. Cruz.

in part, by arguing that Ms. Sims' challenge to the summary judgment was barred by the agreed order for dismissal with prejudice rendered by the court on December 31, 2009. The trial court denied the motion by written order on March 5, 2010.

Ms. Sims raises four issues on appeal. Issues One, Two, and Three address Grapevine's summary judgment. Before addressing the merits of the summary judgment, however, we must address the effect of the trial court's December 31 order dismissing the case with prejudice. In Issue Four, Ms. Sims contends this order does not preclude her appeal of the summary judgment. Because it is dispositive of this appeal, we will address Issue Four first.

In her fourth issue, Ms. Sims asks this Court to consider whether the December 31 2009, dismissal order precludes a review of the merits of the summary judgment granted in Grapevine's favor. Ms. Sims argument is premised on two points: (1) that her claims against Grapevine were no longer available for settlement purposes after the summary judgment; and (2) that the parties did not intend to dismiss her claims against Grapevine in the same manner as her claims against Mr. Cruz. We will address each argument in turn.

With regard to the first argument, Ms. Sims cites no legal authority, and we are not aware of precedent which would prevent the parties from settling after the summary judgment. Rule 38.1(I) requires an appellate brief to contain clear and concise argument for the contentions made, with appropriate citations and to the record. *See* TEX.R.APP.P. 38.1(I). When a party fails to properly brief an argument, this Court is unable to properly conduct our review, and we will consider the argument waived. *Rockwall Commons Associates, Ltd. v. MRC Mortg. Grantor Trust I*, 331 S.W.3d 500, 508 (Tex.App.--El Paso 2010, no pet.). As Ms. Sims has failed to provide the Court with any authority to support her contention that the summary judgment made

her claims against Grapevine unavailable for settlement, we overrule the argument as waived.

Turning to Ms. Sims argument that the parties did not intend for the dismissal order to include Grapevine, we must begin with the premise that the intended effect of a judgment, i.e., that it is final and appealable or merely interlocutory, is determined from its language. *See Salas v. State Farm Mut. Auto Ins. Co.*, 226 S.W.3d 692, 695 (Tex.App.--El Paso 2007, no pet.). If the language of an order or judgment indicates an intent to fully and finally dispose of a case, the order or judgment is final and appealable. *Dick Poe Motors, Inc. v. DaimlerChrysler Corp.*, 169 S.W.3d 507, 510 (Tex.App.-- El Paso 2005, no pet.).

As Ms. Sims notes in her brief, the dismissal order in this case stated, without qualification or limitation, that "the parties" represented to the trial court that "that all matters in controversy and dispute had been compromised and settled, and that this case should be dismissed with prejudice . . . ." The plain language of the order states that the case is to be dismissed with prejudice "in its entirety." Based on this language, there is no indication that the parties intended anything but dismissal of all claims and all parties pursuant to settlement. *See Lehmann v. Har-Con Corp*, 39 S.W.3d 191, 200 (Tex. 2001). Accordingly, it was the dismissal order, not the summary judgment, which was the final and appealable order in the case. *See Lehmann*, 39 S.W.3d at 200-01. Because the dismissal order is comprehensive, and there is no basis in the record, or in Ms. Sims' arguments to set the order aside, Issue Four is overruled. Moreover, as there is no basis in the record for this Court to look beyond the dismissal order, we decline to address the merits of the summary judgment. Issues One, Two, and Three are similarly overruled.

Having overruled all of Appellant's issues, we affirm the trial court's judgment.

-5-

August 10, 2011

DAVID WELLINGTON CHEW, Chief Justice

Before Chew, C.J., McClure, and Rivera, JJ.