

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

_____

No. 02-17-00251-CV

_____

IN THE ESTATE OF STEVEN DOUGLAS NIELSEN, DECEASED

On Appeal from Probate Court No. 2
Tarrant County, Texas
Trial Court No. 2015-PR01535-2

Opinion by Justice Gabriel

**DISSENTING MEMORANDUM OPINION**

I disagree with the majority's conclusion that appellant Linda Nielsen waived her right to appeal the trial court's denial of her summary-judgment motion because her counsel and appellee Maria Footman's counsel both signed the trial court's subsequent final judgment as "AGREED." Because I believe the judgment should not be construed as a consent judgment, I respectfully dissent. *See generally Burnaman v. Heaton*, 240 S.W.2d 288, 291 (Tex. 1951) (styling judgment rendered on the agreement of the attorneys as a "consent judgment").

As ably explained by the majority, Linda and Maria found themselves at an impasse over the efficacy of Steven Douglas Nielsen's will codicil, which he signed before his divorce from Linda was final and before he was able to sign a contemplated divorce-settlement agreement. Maria filed an application to probate Nielsen's will and the codicil, the effect of which left Steven's entire residual estate to her. *See* Tex. Est. Code Ann. § 256.051 (West 2014). Linda filed a contest to the will and codicil, arguing that Steven lacked the required testamentary capacity or that he was unduly influenced to sign both. *See id.* § 256.204 (West 2014). She also sought a declaratory judgment that the codicil, which was inconsistent with the earlier will, revoked the will and that the codicil was an unfulfilled conditional will, rendering Steven intestate when he died. *See id.* § 257.101 (West 2014). Linda then filed an application to

2

partition the community estate and to deliver her one-half interest to her. *See id.* §

360.253 (West 2014).[1]

Linda moved for a traditional, partial summary judgment on her request for declarations that the codicil revoked the earlier will and that the codicil was a conditional will that was unfulfilled. Maria responded to Linda's summary-judgment motion and also moved for a "declaratory summary judgment" that the codicil was not conditional and therefore, was required to be offered for probate along with the will. Linda responded to Maria's motion for declaratory summary judgment, raising the same arguments she made in her partial summary-judgment motion.

The trial court signed an "AGREED ORDER REGARDING PARTITION OF COMMUNITY PROPERTY" as to Linda's partition application. All counsel signed the order under the header "AGREED." But the order merely recited that "the parties intend to submit an agreed proposed order detailing the partition of the community property" and denied Linda's partition motion on that basis. One month later, the trial court denied Linda's summary-judgment motion, granted Maria's motion, and rendered a partial summary judgment, holding "as a matter of law that

---

[1] During the probate proceedings, the trial court entered an order granting Linda and her three adult children with Steven a family allowance. *See* Tex. Est. Code Ann. § 353.101 (West 2014). Linda appealed the order, arguing that the trial court abused its discretion by charging the allowance against the entire community estate. *Estate of Nielsen*, 533 S.W.3d 39, 40 (Tex. App.—Texarkana 2017, no pet.). After the appeal was transferred, the Sixth Court of Appeals affirmed the order. *Id.* at 44; *see* Tex. R. App. P. 41.3. The appellate court rendered its judgment approximately three months after the trial court signed the judgment at issue in this appeal.

3

the . . . First Codicil to the Last Will and Testament . . . of Steven . . . is not conditional."

Linda's contest to the will proceeded to a jury trial, and the jury found that Steven had the testamentary capacity and was not unduly influenced to sign the will and the codicil. Maria filed a motion to enter judgment on the jury's findings, to admit the will to probate, and to issue letters testamentary to Maria. Maria's certificate of conference noted that "[a]greement [with Linda] could not be reached." *See* Fort Worth (Tex.) Statutory Probate Cts. Loc. R. 2.04(b) (requiring certificate of conference in motions to be entitled to hearing). Maria filed an amended motion to enter judgment, adding a request that the trial court partition Linda and Steven's community estate. The amended motion did not include a certificate of conference, but the trial court held a hearing on Maria's motion.

On the same day the trial court heard Maria's motion to enter judgment, it signed an "AGREED ORDER PROBATING WILL AND PARTITIONING AND DISTRIBUTING ASSETS" (the judgment). The first sentence of the judgment explains its bases: "Based upon the Court's prior rulings and the Jury's unanimous verdict on April 21, 2017, Applicant Maria Juanita Footman's Application to Probate Will and First Codicil and Issuance of Letters Testamentary . . . is hereby granted as a final appealable judgment . . . ." After the judge's signature, the next page has the following notation with no further information:

4

AGREED:

[signature]
[Counsel's name]
Counsel for Maria Footman

[signature]
[Counsel's name]
Counsel for Linda D. Nielsen

The judgment contains no explanation or terms of any party agreement.

The majority holds that the judgment operates as a waiver of Linda's right to appeal the denial of her summary-judgment motion directed to the issue of a conditional will, which merged into the judgment. *See, e.g., Simms v. Cruz*, 349 S.W.3d 171, 173–74 (Tex. App.—El Paso 2011, no pet.) (holding party could not appeal prior, adverse summary-judgment ruling because both parties later represented to the trial court that all matters had been settled, which led to the trial court's dismissal of the case with prejudice). I respectfully disagree.

First, if the parties did in fact unambiguously agree to the terms of the judgment, that agreement would necessarily include that the judgment, which explicitly was based on its "prior rulings" such as the trial court's interlocutory summary judgment, was "appealable." To find waiver under these facts would read this term—"appealable"—out of the judgment. *See Balandran v. Safeco Ins. Co. of Am.*, 972 S.W.2d 738, 741 (Tex. 1998) (interpreting insurance contract and stating "all parts" must be read, "striving to give meaning to every sentence, clause, and word to avoid rendering any portion inoperative"); *Praeger v. Wilson*, 721 S.W.2d 597, 601 (Tex.

5

App.—Fort Worth 1986, writ ref'd n.r.e.) (construing contract and noting "[a] construction of the writing which renders a clause meaningless is unreasonable"); *Farr v. McKinzie*, 477 S.W.2d 672, 676 (Tex. Civ. App.—Houston [14th Dist.] 1972, writ ref'd n.r.e.) (recognizing consent judgment "must fall strictly within the stipulations and agreements of the parties" and trial court "merely exercises a ministerial function in recording what has been agreed to").

Second, the majority recognizes that a signature notation of "approved," "approved as to form," and "approved and agreed"[2] are insufficient to show that a judgment was a consent judgment. And a signatory's notation as only "AGREED" similarly has been held to be insufficient to render a judgment a consent judgment in a "contentiously litigated" case, as is the case with the dispute between Linda and Maria. *Daniels v. Indem. Ins. Co. of N. Am.*, No. 10-11-00142-CV, 2013 WL 3770955, at *2–3 (Tex. App.—Waco July 18, 2013, no pet.) (mem. op.) (citing *Hill v. Bellville General*

---

[2]The majority distinguishes the case holding that a judgment signed by counsel as "Approved and Agreed" was not a consent judgment—*Oryx Energy Co. v. Union National Bank of Texas*, 895 S.W.2d 409, 416–17 (Tex. App.—San Antonio 1995, writ denied)—by noting that the judgment in that case showed the parties contemplated an appeal. Here, the judgment, signed and entitled as agreed, reflects that it was "a final **appealable** judgment." [Emphasis added.] I believe, as in *Oryx Energy*, that this is an indication the parties contemplated appeal, precluding a finding of waiver. And as in *Oryx Energy*, the record here does not include the terms of an agreement such that this contested probated proceeding resulted in a consent judgment based on the title of the judgment and counsel's indication of "agreed." *See id.* at 417; *see also In re D.C.*, 180 S.W.3d 647, 649–50 (Tex. App.—Waco 2005, no pet.) (holding in the absence of "reference to an agreement of the parties regarding the terms of the judgment," judgment signed both as approved "as to form and content" and as approved "as to form" was not consent judgment waiving right to appeal).

*Hospital*, 735 S.W.2d 675, 678 (Tex. App.—Houston [1st Dist.] 1987, no writ), for the proposition that counsel's signature as merely approved "is too indefinite to justify declaring, as a matter of law, that a judgment is a consent judgment"). As in those cases, counsel's indication here that the judgment merely was agreed does not equate to a consent judgment. In fact, none of the provisions in the judgment indicate that they were a result of any agreement by the parties, which in general is the hallmark of a consent judgment. *See, e.g.*, *Lohse v. Cheatham*, 705 S.W.2d 721, 725–26 (Tex. App.—San Antonio 1986, writ dism'd).

Third, contract-interpretation principles, which govern our de novo determination of the character of a judgment, dictate that this judgment was not a consent judgment. *See Gulf Ins. Co. v. Burns Motors, Inc.*, 22 S.W.3d 417, 422 (Tex. 2000) (applying contract principles to interpretation of purported agreed judgment). The primary goal in construing a written contract is to ascertain and give effect to the intent of the parties as expressed in the instrument. *Balandran*, 972 S.W.2d at 741. If a written contract is so worded that it can be given a definite or certain legal meaning, then it is not ambiguous. *Nat'l Union Fire Ins. Co. v. CBI Indus., Inc.*, 907 S.W.2d 517, 520 (Tex. 1995). "For an ambiguity to exist, the language of the contract must remain uncertain or subject to two or more reasonable interpretations after applying the pertinent rules of construction." *Ferguson v. Ferguson*, 111 S.W.3d 589, 594 (Tex. App.—Fort Worth 2003, pet. denied).

7

Other than the title of the judgment, its footers, and the signature notation, no other portion of the judgment or the surrounding circumstances indicate that the parties agreed to its terms or otherwise delineates the terms of that agreement.[3] I believe this renders the judgment ambiguous, which prevents a conclusion that it was a consent judgment. *See Matthews v. Looney*, 123 S.W.2d 871, 873 (Tex. 1939) ("Until all the terms of a final judgment have been definitely agreed upon by all parties and those terms either reduced to writing or placed of record, . . . the court [is] without power to render a judgment by agreement."); *cf. Hudson v. Aceves*, 516 S.W.3d 529, 538 (Tex. App.—Corpus Christi 2016, orig. proceeding) (holding trial court abused its discretion by entering agreed order that did not comply with the terms of the parties' agreement and added terms that were not included in the record of the agreement); *Tutson v. Upchurch*, 203 S.W.3d 428, 430–31 (Tex. App.—Amarillo 2006, pet. denied) (holding entry of consent summary judgment not permitted under civil procedure rule 11 where agreement was not reflected in the record and trial court stated agreement was sole basis for rendering summary judgment). This ambiguity is not resolved by examining the surrounding circumstances, extrinsic evidence, or the record because those also provide little to no information as to the exact terms of the parties'

---

[3]Although Linda states in her briefing that the partition portion of the judgment was agreed, she did not contend that she agreed to the remainder of the judgment, including the portion admitting Steven's will and codicil to probate. This portion would implicate Linda's summary-judgment and appellate arguments that the will and codicil were conditional. Again, this shows that the judgment was not a consent judgment that would preclude Linda from appealing.

agreement. *See Hudson*, 516 S.W.3d at 538–39. And Maria noted on her original motion to enter judgment that Linda was opposed to it.

But even if the judgment were unambiguous, it reflected that the parties contemplated an appeal as part of their agreement, as I discussed before. The prior summary-judgment ruling merged into this later judgment; thus, the agreement that the judgment was appealable as reflected in its first sentence would extend to the summary-judgment ruling as well and would afford Linda the right to appeal. *Cf. DeNucci v. Matthews*, 463 S.W.3d 200, 207 (Tex. App.—Austin 2015, no pet.) ("A partial summary judgment is reviewable on appeal, where as here, it has been merged into a final judgment disposing of the whole case.").

For these reasons, I believe the judgment (1) cannot be construed as a consent judgment based on the absence of the terms of the parties' agreement even though counsel signed it as agreed or (2) reflected the parties' agreement that the judgment was appealable even if it were appropriately construed to be an unambiguous consent judgment. Thus, I would conclude that Linda did not waive her right to appeal the trial court's partial summary-judgment ruling, which merged into the later final judgment, and would address Linda's arguments directed to the trial court's partial summary-judgment ruling. I recognize and understand the majority's assertion that any determination of the merits of Linda's appeal might not change the ultimate outcome. But the effect of any ruling on the substance of Linda's summary-judgment arguments, which is the gravamen of her appeal, goes beyond the question at hand—

9

whether Linda waived her right to appeal. I respectfully dissent to this court's judgment affirming the trial court on the basis of waiver.

/s/ Lee Gabriel

Lee Gabriel
Justice

Delivered: September 27, 2018